Judge Marshall
delivered the Opinion of the Court.
Breckinridge sued out a warrant against Quertenius, complaining that “he did on the-r day of-forcibly enter on a tract of land,” &c. The jury in the country found the defendant “guilty of the forcible entry or detainer complained qf in this warrant;” and qn this verdict, a judgment cf restitution was rendered by the magistrate before whom the inquisition was held.
Quertemus traversed the inquisition, and issue having been joined in the Circuit Court, on its truth, the jury there found “the inquisition true,” and judgment of restitution was again rendered in the usual form. At a subsequent day of the term, on motion of the traverser, the verdict was set aside, and the judgment arrested, on the ground that the verdicts, taken together, did not. show that the defendant was guilty of the forcible entry, *494 which was the only offence charged in the writ, and that , consequently, no judgment could be rendered against him.
A forcible entry, and aforcible'ietainer, are distinct offences.— And (as is well settled,) if the warrant charge but one, unless the def’t is found guilty of that, there can be no judg’t for restitution. But, proceedings of this sortniust be construed liberally; and objections to mere forms are waived by a traverse.
Where the writ Sjbdl'&ed n forcible ehtry of 'detainer, 'and' the def’t was’’found guilty of both',' the verdict was held to be sufficient.
Held that finding the defendant ‘‘guilty of the forcible entry or detainer complained of in the warrant,” which charges' "only a forcibleeiitry, is,' in effect, finding him guilty''of both offences, &' therefore, of that charged in the warrant—and is sufficient to authorize a judg’t of resititution. .
A ‘forcible entry’ and a ‘forcible detainer’ are obviously distinct offences: and it is well settled, that if but one of them be charged in the warrant, and the defendant be not found .guilty of that one, no judgment of restitution can be pronounced upon the verdict. Gayle vs. Overlon, 1 J. J. Marsh. 550; McBrayer vs. Wash, 6 J. J. Marsh. 465.
But it has also been decided, in conformity with that liberality of construction which proceedings of this character require, that on a traverse of the inquisition, objections to its form, or to that of the judgment of the justice, are to be considered as virtually waived. Barret vs. Chitwood, 2 Bibb, 432; Swartzwelder vs. U. S. Bank, 1 J. J. Marsh. 45.
And it has beep also held that a writ charging the offence in the alternative, is good, and that if the inquisition on such writ be, that the defendant is guilty of the forcible entry and detainer it is sufficient. McBrayer vs. Wash, supra.
It would be contrary to the principle, of these and many other cases which might be cited, if we were to construe the finding in the present case with rigid severity. The question is whether the jury have in substance found, the defendant guilty of the forcible entry charged. Is it evident from their verdict that such was their intention? It is certain, they meant to say he was guilty of one of the offences mentioned in the verdict, and the reference to the warrant shows that they intended to find him guilty of that one which is there complained of.
It may be said that the same reasoning would prove, that he was found guilty of the forcible detainer if that had been charged singly in the warrant. But this is no objection either to the verdict or to the view which has been taken of it. It would only prove, that the verdict finds the defendant guilty of both offences, and therefore certainly of that one with which he is charged in *495 -the warrant; and such a verdict upon a warrant charging one only of the offences has been decided to be sufficient. Swartzwelder vs. U. S. Bank, supra.
When the inquisition found true upon a traverse, is insufficient, & the judg’t is arrested for that cause—theinquisition should be qua-h’d:hy which the plt’f will be remitted to his remedy denovo. It is not competent for the circuit court to dismiss the warrant.
The literal import of the verdict is, not that the defendant is guilty of one or of the other, and of one only of the two offences, but that he is guilty of whichsoever of them is charged in the warrant; which is in effect that he is guilty of both. So understanding the verdict, there is enough in it to authorize a judgment of restitution; and the surplusage does not vitiate it. We are of opinion, therefore, that the Circuit Court erred in setting aside the verdict and arresting the judgment.
If the inquisition had been so defective that judgment of restitution ought not to have been rendered upon the verdict finding it true; and if, therefore, the Court had been right in setting aside the verdict and arresting the judgment, still it was irregular to make the order which was afterwards made dismissing the writ of forcible entry. The proper proceeding would have been to quash the inquisition; which would in effect have remitted the plaintiff to his remedy de novo. The writ, not being the process of the Circuit Court, nor returnable to it, could not appropriately be dismissed by it.
The order setting aside the verdict and arresting the judgment, and the judgment for costs thereon rendered against the traversee, Brepkinridge, and the order dismissing the writ are reversed, set aside and annulled, and the cause is remanded that the judgment for restitution rendered on the verdict, may stand and be effectual.