## Tolbert v. Young.

(Decided November 17, 1916.)

### Appeal from Grant Circuit Court.

1. Forcible Entry and Detainer—Sufficiency of Writ.—It is not necessary that a writ of forcible entry should show that it had been issued upon an affidavit; the writ is sufficient if it follows the form prescribed by section 454 of the Civil Code of Practice which authorizes the writ to issue upon the "complaint" by a person aggrieved by a forcible entry.

2. Forcible Entry and Detainer—Section 465 Civil Code.—Section 465 of the Civil Code of Practice, which provides for a joinder of issue on a traverse upon an appeal from a judgment finding the defendant guilty of a forcible entry, is satisfied by the appearance of the traversee, who maintained before the jury the truth of the verdict in the court below.

3. Forcible Entry and Detainer—Verdict.—Upon the trial of a writ of forcible entry, a verdict finding the defendant "guilty," necessarily means that the defendant was guilty of forcible entry upon the property specified in the writ, and is sufficiently specific to sustain a judgment thereon.

4. Forcible Entry and Detainer—Instructions.—Upon the trial of a writ of forcible entry, instructions which presented the issue as to whether the defendant forcibly entered the plaintiff's property, and further advised the jury, in the language of section 452 of the code, that a forcible entry was the entry upon the land without the consent of the person having the actual possession thereof, fully presented the law of the case.

C. C. ADAMS for appellant.

J. J. BLACKBURN for appellee.

Opinion of the Court by Chief Justice Miller—Affirming.

The appellant Tolbert appeals from a judgment finding him guilty of having forcibly entered upon the land of Young.

By a written contract made March 1st, 1915, Young leased thirty acres of land to Tolbert for the cropping season of 1915. The contract further provided that Young should furnish Tolbert with barn room and sticks for the tobacco to be raised under the contract, one horse for farm work, a house for one year, and other incidentals, such as a garden, fire wood, pasture, &c. Tolbert agreed to furnish one horse to complete the team for the farm work, and was to feed and care for the team during the tenancy.

Young had three large barns upon his farm, besides a double corn crib. One barn was known as the feed barn in which stock was kept, while the barn which is the subject of this action, was used for storing tobacco and other farm products.

Early in December when Young went to prepare the last named barn for shelter for his sheep, he found that Tolbert had taken possession of practically the entire barn and had put in it a horse, a hog, a wagon, a buggy, a hay rake, and his crops of potatoes, corn and tobacco. He had placed the tobacco in the middle of the passage-way so as to prevent one from passing to the rear end of the barn. This was done without Young's consent; and, when Young remonstrated with Tolbert about it, Tolbert ordered Young to leave the barn, saying that Young could get possession of it upon the expiration of the lease. As an excuse for his appropriation of the tobacco barn Tolbert asserted that Young had excluded him from the use of the feed barn for his horse. Young immediately caused a warrant to be issued by the county judge, charging Tolbert with having forcibly entered the barn; and, upon a trial of the case in the quarterly court, Tolbert was adjudged guilty of the forcible entry as charged in the warrant. He appealed to the circuit court with a like result, and now appeals to this court.

Many alleged errors were assigned in the grounds for a new trial, but, for some unexplained reason, those grounds appear twice in the record; and, they are by no means identical. Indeed, they are quite different in more than one respect. However, we will consider the

principal questions discussed in the brief, which are covered by both statements of the grounds for a new trial, disregarding the unimportant ones.

1. First, it is insisted that the writ is fatally defective and void, because no affidavit or other statement was made by Young as the foundation of the writ, as is required by section 454 of the Code. That section, however, authorizes the writ to be issued "upon complaint by a person aggrieved by a forcible entry" to a justice of the peace or county judge of the county in which the land or tenement, or a principal part thereof, lies. Said section of the Code gives a form of writ, which was followed in this case, and recites that Young had made complaint to the judge who signed the writ. The writ carefully followed the statute, and was sufficient.

2. It is next insisted that after Tolbert had filed his traverse of the finding of the jury in the quarterly court, as is required by section 463 of the Code, the traversee Young did not join issue on the traverse, as is required by section 465 of the Code, and that for that reason Tolbert's motion for a peremptory instruction should have been sustained.

This contention, is, however, not well founded, in view of the opinion of this court in Check v. Reiter, 31 Ky. L. R. 250, 102 S. W. 287. In that case, as here, the traversee failed to file a formal joinder of issue on the traverse, as is required by section 465, but proceeded with the trial precisely as was done in this case.

In holding there was a sufficient joinder of issue on the traverse, as required by section 465, *supra,* the court said:

"Section 465 does provide for a joinder of issue on the traverse, but no form is given for this as in the case of a traverse, and evidently this provision is satisfied by the appearance of the traversee, who maintains before the jury the truth of the verdict in the court below.

. . . .

"We know of no rule either of law or practice, which requires anything more formal than the appearance of the traversee and his undertaking to uphold the verdict of the jury in the country, to constitute a joinder of issue within the meaning of the Code. 'This class of proceedings should always be reviewed with great liberality. Errors which are merely formal or technical, should be disregarded.' Powers v. Sutherland, 1

Duv. 151; Taylor v. Monohan, 8 Bush, 238; Hicks v. Parks, 17 Ky. L. R. 37.''

3. Again, it is insisted that the verdict is void, because it merely found the appellant ''guilty,'' instead of finding him ''guilty of the forcible entry charged in the warrant.''

It is true the verdict did not state of what the defendant was guilty; but, as there was but a single issue which related to the guilt of the defendant, there could be no mistake as to the meaning of the verdict. It was so decided in Willis v. Linn, 148 Ky. 844, a case of forcible detainer, where the court said:

''All that the law requires or contemplates is that the person found guilty, in such cases, may know the charge; therefore, as forcible detainer was the only charge in the warrant in this case, the verdict of guilty necessarily means that appellant was guilty of forcibly detaining the property specified. It is susceptible of no other construction.''

4. The instructions, in apt words, properly presented to the jury the single issue as to whether Tolbert forcibly entered Young's barn; and they further advised the jury, in the language of section 452 of the Code, that a forcible entry was an entry on land without the consent of the person having actual possession thereof.

The other grounds relied on for a reversal are unimportant, and will not be considered.

Judgment affirmed.