## Curry v. Rogers Brothers Coal Company.

(Decided June 17, 1927.)

### Appeal from Pike Circuit Court.

1. Landlord and Tenant.—On appeal in forcible detainer proceeding, court is bound by record showing that warrant sufficiently disclosed relation of landlord and tenant, notwithstanding contrary admission of counsel.

2. Landlord and Tenant.—In forcible detainer proceeding, warrant shown to contain the language, "which the said William Curry, tenant of the said Rogers Bros. Coal Company, now holds against it," held to sufficiently show relation of landlord and tenant.

3. Landlord and Tenant.—In forcible detainer proceeding, failure to question sufficiency of warrant in trial court held waiver of such question.

4. Landlord and Tenant.—In forcible detainer proceeding, question of sufficiency of warrant cannot be first raised on appeal.

5.  Landlord and Tenant.—In forcible detainer proceeding, where defendant by answer asserted contractual right to occupy premises, held absence of reply was not material

J. C. CANTRELL for appellant.

ROSCOE VANOVER for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE CLAY—
Affirming.

In this action of forcible detainer instituted in the Pikeville police court by the Rogers Bros. Coal Company against Will Curry, Curry was found guilty. On a traverse of the inquisition the case was carried to the circuit court, where a similar judgment was rendered. Curry appeals.

The warrant, which was signed and issued by the judge of the Pikeville police court, is as follows:

"Commonwealth of Kentucky to the Sheriff or any Constable of Pike County:

"Whereas, Rogers Bros. Coal Company has made complaint to me, J. P. Marrs, judge of the Pikeville police court, in and for Pike county, that Will Curry did on the 7th day of December, 1925, forcibly detain from the said Rogers Bros. Coal Company one house and lot on the waters of Turkey creek of Tug river near South Williamson, in Pike county, Kentucky, which the said Will Curry, tenant of the said Rogers Bros. Coal Company now holds against it, you are therefore commanded to notify the said Will Curry of the time and place of trial of this writ and to inquire into said writ of forcible detainer, and you will give the said Will Curry at least three days' notice of the time and place of said trial and have then and there this writ.

"Witness, my hand as judge of the Pikeville police court, this the 9th day of December, 1925."

The answer, which appellant filed in the police court, is as follows:

"The defendant, Will Curry, states that he is not guilty of the forcible detainer mentioned in the warrant in this case, and further states that he entered upon the possessions mentioned in the warrant herein under contract for the use of said prem-

ises for a period of ten years from 23d day of May, 1924, for the consideration of this defendant's erecting on said premises a dwelling house; that defendant pursuant to said contract and agreement erected said dwelling house at a cost of $315 and has ever since said time been occupying said premises under said contract and now holds the same thereunder; that the said dwelling house was reasonably worth and of a value of $315 and increased the vendible and marketable value of the said premises in the sum of $315.

"Wherefore the defendant prays that this action be transferred to the Pike circuit court for trial where the defendant may assert his lien for improvements and make proper defense."

The sole ground on which a reversal is asked is that the warrant is defective in not showing the relationship of landlord and tenant, and that appellant's answer alleging that he was to have possession of the premises for a period of ten years in consideration of his erecting a dwelling house thereon was undenied. It seems to be admitted by counsel that the warrant did not show that appellant was the tenant of appellee, but we are bound by the record, and the record as certified shows that the warrant contained the following: "Which the said Will Curry, tenant of the said Rogers Bros. Coal Company, now holds against it." There can be no doubt that this is a sufficient showing of the relationship of landlord and tenant. But, even if we assume that the quoted words are not in the original warrant, it does not follow that appellant is entitled to a reversal of the judgment. The case was first tried on its merits in the police court. This was followed by a traverse and a trial on the merits in the circuit court. The warrant could, and doubtless would, have been amended had the defect been called to the attention of the circuit court. The sufficiency of the warrant was not challenged by motion to quash or in any other way. In the circumstances this was a waiver of the defect, and it is too late to raise the question for the first time in this court. Goebel v. Rogers Bros. Coal Co., 220 Ky. 598, 294 S. W. —.

Nor is it at all material that there was no reply to appellant's answer. Written pleadings are not required in forcible entry or detainer proceedings. Even where a traverse is filed issue may be joined by the appearance

of the traversee.  See Tolbert v. Young, 172 Ky. 269, 189 S. W. 209.  The only question for determination is the right of possession.  As evidence may be heard on this question without a formal answer, a reply is neither necessary nor proper.  That being true, appellee's failure to file a reply did not entitle appellant either to a directed verdict or to a judgment on the pleadings. Jones v. Commonwealth (Ky.) 104 S. W. 782, 31 Ky. Law Rep. 1148; Tolbert v. Young, 172 Ky. 269, 189 S. W. 209.

Judgment affirmed.