## Parrish v. Karr.

(Decided May 22, 1934.)

(As Modified on Denial of Rehearing Oct. 30, 1934.)

STEPHEN D. PARRISH, GRANT E. LILLY and H. DOUGLAS PARRISH for appellant.

G. MURRAY SMITH for appellee.

SAMUEL M. ROSENSTEIN Warning Order Attorney.

OPINION OF THE COURT BY CREAL, COMMISSIONER— Affirming.

On September 10, 1932, the judge of the Madison county court, pursuant to an affidavit made by Mrs. Cynda Karr through her attorney, issued a warrant or writ of forcible detainer against H. Douglas Parrish; it being charged in the affidavit and warrant that the latter forcibly detained a house in Richmond, Ky., which was occupied by him.

After service of the warrant it was returned before the county judge before whom the hearing was had without the intervention of a jury. The county judge

found that the defendant was guilty of forcible detainer and adjudged that plaintiff have restitution of the premises described in the warrant. The defendant filed a traverse and executed a bond as provided in section 463 of the Civil Code of Practice, whereupon the entire record was transmitted to the clerk of the Madison circuit court. In the circuit court the law and facts were submitted to the trial judge without the intervention of a jury, and it was again adjudged that defendant was guilty of forcible detainer and that plaintiff have restitution of the property. Defendant filed motion and grounds for a new trial which were overruled, and he is prosecuting this appeal.

It is first urged by counsel for appellant that the writ of forcible detainer should not have been issued, but this argument goes rather to the third ground for reversal, which challenges the sufficiency of the warrant. In the affidavit for the writ which is found in the record, it is made to appear that defendant demanded of plaintiff possession of the property in controversy, which he occupied as her tenant and had promised and agreed to surrender to her but which he had failed to do according to his agreement.

Section 454 of the Civil Code of Practice provides in substance that upon complaint of a person aggrieved by forcible detainer to the county judge or a justice of the peace a warrant shall issue.

In the case of Tolbert v. Young, 172 Ky. 269, 189 S. W. 209, it was urged that a writ was fatally defective and void because no affidavit or other statement was made by the complaining party as a foundation for the writ as required by the Code. However, it was pointed out in the opinion that under the provisions of the Code the officer was authorized to issue the writ upon complaint of the person aggrieved. Clearly the affidavit appearing in the record authorized the issuance of the warrant.

It is next urged by counsel for appellant that he was entitled to notice to vacate and surrender possession of the premises before an action for forcible detainer could be maintained, and in support of this contention section 2326, Kentucky Statutes, is cited. This section reads:

"A tenancy at will or by sufferance may be terminated by the landlord giving one month's notice, in writing, to the tenant requiring him to remove."

The evidence discloses that defendant had occupied the premises in question for a number of years, and from letters in evidence which he had written plaintiff, it appears that she and her attorneys had been demanding that he keep up the payments of the rent or vacate the property. Finally he asked the privilege of remaining in the property until July 1, 1932, and Mrs. Karr in her reply assented to the agreement but told him she would expect him to give up the house July 1, 1932, according to his promise without further controversy.

Section 2293 of the Statutes provides in effect that if by contract the termination of tenancy is to expire at a specified time or notice to quit is dispensed with, then no notice to surrender possession is required.

As a third ground for reversal it is urged that the warrant was defective, but this contention is without merit, because the warrant follows the form prescribed in section 454 of the Civil Code of Practice.

The cases of Taylor v. Monohan, 8 Bush. 240 and Powers v. Sutherland, 1 Duv. 151, cited by appellant, do not apply, since the form prescribed by the Code has been changed since they were written.

It is next urged that the court erred in permitting to be filed in evidence certain letters written by appellee. It is asserted that these letters were incompetent because they related to payment of rent and that the issue in the case is not whether he has or has not paid the rent since appellee did not even claim that he held under a contract which might be terminated for nonpayment of rent. It is true that much of the matter contained in these letters was incompetent and immaterial, but one of the letters as hereinbefore indicated contained appellant's agreement to quit the premises, and that portion of the letter relating to the rent was competent as bearing on the question of the nature of his holding. It might have been confusing to a jury to have had these letters admitted in evidence without admonishing them as to the portion that should be considered in evidence, but where, as in this instance, the law and facts were submitted to the trial court, it is clearly apparent that

appellant was not prejudiced by the error, if any, in their admission.

Finally, it is urged that the court erred in overruling appellant's motion to consolidate this action with another action in which rents and other questions concerning the property were involved. While the record discloses that a motion was made by appellant to consolidate the actions, it is not made to appear in the record that the court ever ruled on the motion; but in support of a motion made for a writ of certiorari directed to the clerk of the Madison circuit court, ordering him to copy and transmit to this court the ruling of the lower court on appellant's motion, it is made to appear by notice and affidavit that the order overruling such motion will be found on page 125 of the clerk's minute book kept by the clerk at the time. The motion for writ of certiorari was overruled, but we find in the record a photostatic copy of page 125 of the minute book in question, which the clerk of the Madison circuit court certifies to be true and correct. The only reference on that page to any action between these parties is as follows:

"Karr v. Parrish

"Re—Assg.—13 day."

Since there is no showing in the record that the court overruled the motion to consolidate or that appellant insisted upon a ruling thereon, it will be deemed waived and cannot be considered on appeal.

Judgment affirmed.