## Newsom v. Damron.

March 15, 1946.

80

L. J. May for appellant.
P. B. Stratton for appellee.

OPINION OF THE COURT BY JUDGE SIMS—Affirming.

The questions confronting us are whether or not the trial judge erred in directing a verdict in favor of appellee in a forcible detainer action he brought against appellant, and whether or not the judgment must be reversed because it recites that appellant had been found guilty of a forcible entry and detainer, when the verdict only found him guilty of a forcible entry.

Appellee, Damron, owned a tract of land in Pike County which he verbally agreed in November 1944, to rent to appellant, Newsom, for a term of one year beginning Jan. 1, 1945. It was further agreed between the parties that they would reduce their rental contract to writing. After the oral contract was made appellant, with the consent of appellee, stored some of his proven-

der in a barn loft on the premises. When these men went to reduce their contract to writing about Nov. 17, 1944, they could not agree upon the terms thereof and appellee told appellant he could not move onto the premises. Appellant replied, "I'm going to move and don't put yourself in my way or I'll whip hell out of you." On the morning of Nov. 18th, before daylight appellant moved into the house.

Appellee sued out a writ of forcible entry against appellant which was tried in the police court of Pikeville and resulted in a verdict in favor of appellant. A traverse was filed by appellee which took the case to the Pike Circuit Court and on a trial there, a verdict was directed against appellant. The only ground set up in the motion for a new trial was that the court erred in peremptorily instructing the jury to find appellant guilty of forcible entry.

The oral contract made in Nov. 1944, by which appellant claims he rented the premises for a term of one year beginning Jan. 1, 1945, was not a contract to be performed within one year from the date it was made, therefore it was unenforcible under the Statute of Frauds, KRS 371.010 (7); Gault v. Carpenter, 187 Ky. 25, 218 S. W. 254; Wilson v. Adath Israel Etc., 262 Ky. 55, 89 S. W. 2d 318. As appellant had no valid contract authorizing him to occupy the premises and as appellee forbade him to move onto the place, his entry was forcible and the trial judge did not err in directing the jury to so find.

The writ charged appellant only with a forcible entry and not with a forcible entry and detainer. As we have seen, the court directed the jury to return a verdict finding appellant guilty of the forcible entry, which it did in appropriate terms. But the judgment erroneously recites, "The jury having returned a verdict, finding the defendant, Noah Newsom, guilty of the forcible entry and detainer complained of."; and thereupon the court adjudged appellee entitled to the immediate possession of the premises and ordered a writ of restitution to issue and that appellee recover his cost from appellant.

Relying upon Halcomb v. Phipps, 194 Ky. 648, 240 S. W. 363, appellant insists that as the warrant only charged a forcible entry and as that was what the verdict found him guilty of, the court was without juris-

diction to adjudge him guilty of a forcible detainer. The Halcomb case states the elementary rule that although the court has jurisdiction of the parties and of the subject matter, it is without authority to adjudicate upon matters not put in issue by the pleadings. Here, the court did not adjudge appellant guilty of a forcible detainer but the judgment inadvertently recited that the verdict found appellant guilty of both a forcible entry and a forcible detainer. The judgment ordered a writ of restitution in favor of appellee and that he recover his cost from appellant, but it did not declare appellant was guilty of a forcible detainer. Not only do the texts and cases (22 Am. Jur., "Forcible Entry and Detainer," sec. 6, p. 909; McBrayer v. Wash, 29 Ky. 464) authorize a judgment of restitution regardless of whether the defendant has been found guilty of a forcible entry or of a forcible detainer, or both a forcible entry and a forcible detainer, but secs. 460 and 461 of the Civil Code of Practice likewise authorize a restitution for either a forcible entry or a forcible detainer. The instant judgment gave only the relief to which the appellee was entitled on the verdict actually returned and the inadvertence, or surplusage, recited in the judgment that the verdict found appellant guilty of a forcible detainer as well as a forcible entry, did not affect the judgment.

While the phrase "forcible entry and detainer" is in common use, there is a well-recognized legal distinction between "forcible entry" and "forcible detainer," as the terms imply. This definition is found in 22 Am. Jur., "Forcible Entry and Detainer," sec. 2, p. 906:

"A forcible entry, except where the meaning of the term has been changed by statute, is an entry on real property peaceably in the possession of another, against his will, without authority of law, by actual force, or with such an array of force and apparent intent to employ it for the purpose of overcoming resistance that the occupant in yielding and permitting possession to be taken from him must be regarded as acting from a well-founded apprehension that his resistance would be perilous or unavailing. Forcible detainer, on the other hand, is controlled by circumstances existing after entry, whether forcible or not, and may, and usually does, consist of the unlawful holding or detention of real property by force or by threats or menaces after the making of a peaceable, though unlawful, entry thereon."

Our two early cases of McBrayer v. Wash, 29 Ky. 464, and Breckinridge v. Quertemus, 34 Ky. 493, point out the distinction between the terms and say if the writ charges one with forcible detainer only, he cannot be convicted of forcible entry, and vice versa; but the writ may charge in the alternative or in the conjunctive. In the Breckinridge case the warrant charged a forcible entry and the verdict found defendant ''guilty of the forcible entry or detainer complained of in this warrant''; and it was there said: ''So understanding the verdict, there is enough in it to authorize a judgment of restitution; and the surplusage does not vitiate it.'' As was said in Tolbert v. Young, 172 Ky. 269, 189 S. W. 209, from the Breckinridge case, 29 Ky. 464, decided in 1836, all through the years this court has reviewed proceedings in this character of case with great liberality.

There can be no doubt from this record that appellant was guilty of forcibly entering appellee's premises and the judgment correctly ordered him to make restitution thereof and to pay the cost of the proceedings. This was all that the judgment directed appellant to do, and the circuit court had full authority to render such a judgment on the verdict actually returned. The fact that the judgment inadvertently quoted the verdict erroneously has no effect upon appellant and it will not be reversed on account of this innocuous mistake.

The judgment is affirmed.