## Jobe et al. v. Witten.

September 26, 1947.

George K. Holbert, Judge.

458

R. H. Cannon, Carl H. Boone and S. G. Wilkerson for appellants.

Cubbage & Cubbage and Chester O. Carrier for appellee.

OPINION OF THE COURT BY JUDGE REES—Affirming.

On June 20, 1946, the County Judge of Grayson County issued a warrant, or writ of forcible detainer, for L. O. Jobe and Jess Ray charging them with forcibly detaining from Beulah A. Witten a certain building in Leitchfield which they, as her tenants, held against her. The warrant was issued pursuant to a written complaint filed by Beulah A. Witten stating that she was the owner and entitled to the possession of a certain described building located in Leitchfield, Kentucky, then occupied as a storehouse by L. O. Jobe and Jess Ray. A notice to vacate the premises had been served on Jobe and Ray on May 18, 1946. At a hearing before the County Judge a jury found that Jobe and Ray were guilty of forcible detainer, and it was adjudged that the owner have restitution of the premises described in the warrant. A traverse was filed, and the entire record was transmitted to the Clerk of the Grayson Circuit Court. In the Circuit Court the jury was peremptorily instructed to find the defendants guilty of forcible detainer, and they have appealed.

At the trial in the Circuit Court the defendants moved to quash the warrant on the ground that it was defective. The motion was overruled, and it is argued that this was error. It seems to be appellants' view that a warrant for forcible detainer should charge that the complainant was in the peaceable possession of the premises, and the relation of landlord and tenant existed. Several early cases, including Powers v. Sutherland, 1 Duv. 151, are cited, but as pointed out in Parrish v. Karr, 255 Ky. 573, 74 S. W. 2d 937, those cases do not apply since the form prescribed by the Code has been changed since they were decided. Section 454 of the Civil Code prescribes the form of the warrant. Where forcible entry is charged, the warrant should state that the property was in the peaceable possession of the complainant at the time the entry was made, but such statement is not consonant with the charge of forcible detainer. In a forcible detainer proceeding the warrant, in lieu

of such a statement, should show that the defendants, tenants of the complainant, now hold against him. The warrant in the present case followed the form prescribed in section 454 of the Code.

Appellee purchased the property in question from Mary Thomas, who executed a deed to appellee on August 20, 1945. Appellants were tenants of Mary Thomas under a written contract of rental which provided that the term should end May 15, 1946. L. O. Jobe testified that L. L. Witten, father of Beulah A. Witten, told him in August, 1945, that he could remain in the building as long as he desired and later promised to erect a building on another lot for his occupancy, but agreed that he could occupy the Thomas property until the new building was erected. He believed that L. L. Witten was the purchaser of the Thomas property, and did not know that appellee was the owner until the notice to vacate was served on him on May 18, 1946. The deed from Mary Thomas to Beulah A. Witten was not recorded until May 18, 1946. Appellee testified that she was employed in Louisville, Kentucky, and that she had never authorized her father to rent the property or to make any contract in connection with it. Her testimony is uncontradicted. Appellants admit that they had no contract with appellee, but they claim that L. L. Witten was acting as appellee's agent in renting the property and they insist the evidence was sufficient to take the case to the jury on the question of agency. The evidence upon which they rely consists of purported statements by L. L. Witten, the alleged agent. Mere admissions or statements of an alleged agent are not sufficient to prove agency. The burden of proving agency rests upon the party asserting it, and he must prove both the agency and its extent. Galloway Motor Co. v. Huffman's Adm'r, 281 Ky. 841, 137 S. W. 2d 379. In Dieckman v. Weirich, Ky., 73 S. W. 1119, it was held that merely showing that one was authorized to collect rent for the owner of property was not evidence of authority to make rental contracts. There is no evidence in the present case to show either the fact of agency or its scope. Likewise evidence which would bring into play the rules applicable to an undisclosed principal is lacking, but these rules are not invoked by appellants.

The judgment is affirmed.