## TRAVELERS FIRE INS. CO. v. BANK OF LOUISVILLE et al.

Court of Appeals of Kentucky.
May 18, 1951.

Rehearing Denied Dec. 21, 1951.

Doolan, Helm, Stites & Wood, Louisville, for appellant.

Dodd & Dodd, Steinfeld & Steinfeld, and E. Paul Denunzio, all of Louisville, for appellee.

STANLEY, Commissioner.

Under the principle of estoppel to deny agency, the judgment imposes liability upon the appellant under a parol contract of fire insurance on a motor vehicle. The tenuous character of the grounds of liability is thus indicated.

The Bank of Louisville had agreed to accept a note secured by mortgage on a tractor-truck purchased by Woolett and Koehler from a Louisville vendor. It required that the machine be insured in its favor in the sum of $2,000 against loss by fire or collision. A. J. Marmor, who was engaged in the insurance business in Louisville, happened to be in the bank at the time the agreement to finance the purchase was being consummated. Merzweiller, manager of the finance department of the bank, called him over to his desk and asked him to arrange the insurance. He gave him a description of the machine and learned the amount of the premium. While in this conference the vendor advised the bank by telephone that the machine was ready for delivery. Merzweiller asked Marmor about the insurance, and he replied, "Go ahead; you are covered in the Travelers." This occurred about noon on Saturday, October 4, 1947. Since the machine would be licensed in Indiana, it appeared necessary that the insurance be placed through an Indiana agency. Marmor was not licensed in Indiana as an insurance agent but held what he calls a broker's license of that state. That afternoon Marmor called the Taggart Insurance Agency in Jeffersonville, Indiana, to place the insurance with it, but the office was closed, and he could reach no one there. Early the next day, Sunday, the machine was destroyed by fire. On Monday the bank advised Marmor of the loss, and he called Taggart. There is some conflict in the testimony as to their conversation, but it is certain that Taggart denied any responsibility.

The bank filed this suit against the owners of the destroyed machine on their note, Marmor and the Travelers Fire Insurance Company. Judgment went against the makers for the amount of the note and against the company for $2,000 less $642.50 premium, with the provision added that the collection thereof should be credited on the judgment on the note. The court refused judgment against Marmor individually because he was acting as the agent of the insurance company.

There is no doubt that in the absence of a statutory provision to the contrary, an oral or parol contract of insurance which is otherwise binding and contains all of the elements essential to a contract is valid. One of the essential elements is, of course, that it was made by an agent acting within the actual or ostensible scope of his authority. A local agent is within that classification unless the insured knows that the making of an oral contract would be to exceed his authority. Such contracts, however, must be established by full and clear proof. Henry Clay Fire Insurance Co. v. Grayson County State Bank, 239 Ky. 239, 39 S.W.2d 482. We may accept as proven the making of a binding contract with the Travelers Fire Insurance Company provided Marmor had the authority to make it. There is no claim that Marmor was an authorized agent of this company either in Kentucky, where he was licensed, or in Indiana, where he was not licensd as an agent. His relationship to the other parties was that of an insurance broker. To sustain the judgment, that relationship must fit into a recognized legal relationship of an agent authorized to bind the company by force of estoppel.

As defined and distinguished in Cyclopedia of Insurance Law, Couch, Sec. 452, "An 'insurance broker' is one who acts as middleman between the insured and the insurer, and who solicits insurance from the public under no employment from any special company, and who, upon securing an order, places it with a company selected by the insured, or, in the absence of such a selection, with a company selected by himself; whereas an 'Insurance agent' is one who represents an insurer under an employment by it." And as stated in that citation, in 44 C.J.S., Insurance, §§ 140, 141 and elsewhere, the fact that one is an agent for some companies does not prevent him from being an insurance broker in dealing with another. Cf. Girard Fire & Marine Ins. Co. v. Anglo-American Mill Co., 220 Ky. 173, 294 S.W. 1035. The determination of the question we have here is not of employment but whether the course of conduct among the three parties is sufficient to effect an estoppel of the insurance company.

We have had several occasions to consider the distinction between an insurance broker and an insurance agent and have recognized responsibility by estoppel of an insurance company for an act of a broker. Mutual Benefit Health & Accident Association v. Smith, 257 Ky. 288, 77 S.W.2d 957. However, we put aside that and other like cases because the company had accepted the services or the production of a broker and written the policies, thereby ratifying and adopting the transaction, and were seeking to escape responsibility for antecedent statements or acts of the broker. It may be observed parenthetically that the statute upon which that decision and Kentucky Macaroni Co. v. London & Provincial M. & G. Ins. Co., 6 Cir., 83 F.2d 126 are based, Sec. 633 Ky.Stats. is not now a part of the present Kentucky Statutes. In the present case there was no acceptance of any application for insurance, but in fact a rejection.

The Bank of Louisville had given Marmor considerable business in the insurance of motor vehicles of several classes. It was the custom to give him an "order" for insurance, which, as we understand, was a written statement in the nature of an application containing a description of the risk to be covered. On a few previous occasions there may have been a verbal order. There was never any written binder or evidence of temporary insurance. However, in due course the bank received the policies bearing the date stipulated in the application which was not always the day the order was given to Marmor. Premiums from that date were paid to Marmor,

and he settled with his company or the agent of another. It is legally competent for the parties to agree as to the date upon which insurance should be effective. 29 Am.Jur., Insurance, Sec. 219. The officers of the bank knew, as they testified, that he would broker any insurance on property located in Indiana with an Indiana agent. Marmor had complete discretion in this matter. Seven such policies were issued by the Taggart agency in the Travelers Fire Insurance Company. Other policies were in different companies. Marmor had never requested the Taggart agency to place the insurance in any particular company, because, as he testified, he had no authority to direct in what company the agency would place it, and Taggart was at liberty to place this particular insurance with any company it represented. However, for a period of several months prior to this transaction Taggart had placed all the automobile insurance Marmor sent him with Travelers. Later it was divided between that company and the Hartford Fire Insurance Company. The evidence of Taggart and his office manager is that Marmor had sent his agency applications for 40 or 50 automobile insurance policies. Some were written in companies other than Travelers and 10 or 12 were rejected. They did not know Marmor was undertaking to make oral contracts of insurance and had never taken applications of this kind over the telephone. They had never received an application for insurance on a truck-trailer like that involved in this case. In fact, the Travelers Fire Insurance Company some months before October, 1947, had prohibited the agency from insuring this type of motor vehicle. Taggart had written a letter in July to Marmor to that effect, but Marmor testified he never received it.

The outstanding facts are (1) that the bank knew it was dealing with a broker of insurance and not with an agent of the Travelers or any other insurance company for whom Marmor could speak with authority, and knew from past practices that insurance placed with the broker might be written in any company, and (2) that Travelers' agent, Taggart, had the right and privilege of accepting or rejecting the application, and his transactions with Marmor had evidenced the exercise of that right on several occasions.

The argument is made that in issuing previous policies predated to the date of the order or application for insurance and in receiving the premiums therefor through Marmor, to whom the bank paid them, the conduct of Travelers, reasonably interpreted, was such as to cause the bank to believe that the company had consented to the act of Marmor in making a verbal contract of insurance and was sufficient to constitute apparent authority in him. Restatement of the Law of Agency, Secs. 27 and 49, quoted in Union Central Life Insurance Co. v. Glasscock, 270 Ky. 750, 110 S.W.2d 681, 114 A.L.R. 373. The argument fails for the reasons just stated. With respect to the matter of receiving the premiums and to the case generally, the following extract from Couch, Cyclopedia of Insurance Law, Sec. 452, is pertinent: "It is held that an insurance agent to whom a person makes a request for insurance, and who, acting as broker, procures all or part of such insurance through agents of other companies not represented by him, may be the agent of the insured, and the mere fact that he receives a commission from a company which he does not represent, for placing the insurance, does not make him the agent of the company. So, an insurance agent requesting insurance from a company which he does not represent acts for, and as the agent of, the insured, since the fact that one is an insurance agent for some companies, and, as such, authorized to issue policies, etc., does not prevent him from acting merely as a broker in procuring other insurance. And this result is not affected by the fact that the agent retained a commission for placing the insurance."

We are of opinion, therefore, there was not such custom or course of dealing between the parties that it worked an estoppel against the company either to deny and reject Marmor's assumed authority to act as its agent or to deny liability because of its previous acceptance of other business originating with him.

The judgment is accordingly reversed.