## TINSLEY v. MAJORANA.

Court of Appeals of Kentucky.

June 8, 1951.

Robert Bibb Hardison, Louisville, for appellant.

Grover Sales, Louisville, for appellee.

COMBS, Justice.

This is a forcible detainer action. The appeal is from a judgment entered on a directed verdict for the landlord, appellee here, at the close of the opening statement of counsel for the tenant, the appellant here.

Appellant for several years had leased from appellee a storeroom located in the

City of Louisville. The original lease was for one year and had been extended from year to year until June 1, 1949. On May 6, 1949, appellee notified appellant he would require possession of the premises at the expiration of the current lease. Appellant refused to vacate and appellee filed a warrant for forcible detainer against him in a magistrate's court. Appellant filed motion to quash the officer's return on the writ and a plea in bar. The substance of the plea in bar is that the real purpose and object of the forcible detainer writ is not to gain possesssion of appellee's premises, but to coerce appellant into dismissing a suit for damages previously filed by him against appellee in the Jefferson Circuit Court; that the forcible detainer writ, therefore, constituted an "abuse of process." The magistrate found appellant guilty of forcible detainer. He filed traverse, as provided by Civil Code of Practice, § 463, and the case was transferred to circuit court.

Upon trial of the case in circuit court, appellant introduced evidence on his motion to quash the officer's return on the writ. The Chancellor overruled the motion to quash. Appellee then proved that the term had expired, that appellant had been notified to vacate, and rested his case. Appellant's counsel made an opening statement to the jury in which he stated appellant's only defense was the plea in bar previously filed in the magistrate's court. On motion of appellee, the Chancellor instructed the jury to find appellant guilty of forcible detainer, as charged in the writ.

Appellant urges the following grounds for reversal: (1) There was no valid service of notice of the action in that there was not a sufficient "posting" of the writ and no effort made to obtain personal service; (2) the plea in bar should have been sustained; (3) the court erred in directing a verdict for appellee; and (4) the right guaranteed to appellant under section 14, Bill of Rights of Kentucky, to have unobstructed access to the courts and remedy by due course of law was violated.

The complaint in regard to service of the writ is that it was not served on appellant in person, but was left in the lattice work of an iron grill gate in front of the storeroom described in the writ, that being the place where appellant operated his business.

KRS 454.030 reads as follows: "If the officer directed to serve notice on the defendant in forcible entry or detainer proceedings cannot find the defendant on the premises mentioned in the writ, he may explain and leave a copy of the notice with any member of the defendant's family thereon over sixteen years of age, and if no such person is found he may serve the notice by posting a copy thereof in a conspicuous place on the premises. The notice shall state the time and place of meeting of the court."

The officer made the following return on the writ:

"I executed the within Writ this 7 day of June, 1949, by posting a copy of same on the front door of the within described premises, there being no person over the age of 16 years of age found at defendant's dwelling.

"William H. Schultz,
"Constable J. C.
"By Kessler, D. C."

The officer was called as a witness on appellant's motion to quash the return and testified he went to appellant's store at about 11 p. m.; that he knocked on some apartment doors above the store in an effort to locate appellant; that he failed to locate him, and being unable to paste or fasten copy of the writ on the windows or front door of the building because of the steel grill in front, he forced the copy back into the grill gate so that it would not blow away. The copy left by the officer was found by appellant's wife in the grill gate about 9 o'clock the following morning.

Appellant's counsel argues that there was no "posting" in the manner required by statute, and contends that in order to meet the requirements of the statute the writ must be publicly exhibited in such manner as if attached to a post.

The verb "post" is defined in Funk & Wagnalls New Standard Dictionary as follows: "(1) To bring to the notice or attention of the public by affixing to a

post or putting up in some public place." In Volume 33, Words and Phrases, page 120, it is stated: "The word 'post,' when used with reference to a notice, means to attach to a post, a wall, or other usual place of affixing public notices; to bring to the notice or attention of the public by affixing to a post or putting it in some public place."

█ We think the writ was legally posted within the meaning of KRS, 454.030, and that the officer's return meets the requirements of the statute.

█ Appellant admits his lease had expired, and we find no merit in his contention that his plea in bar should have been sustained. Appellee was entitled to the processes of the courts without regard to an entirely different cause of action which appellant had filed against him in another court.

From what has heretofore been said, it is obvious that appellant has not been denied any right guaranteed to him by section 14 of the Bill of Rights. On the contrary, by taking full advantage of his right of free access to the courts, he succeeded in keeping appellee out of possession of his property for a full year after expiration of the lease. It is stated in brief that appellant vacated the premises on May 31, 1950.

█ As to appellant's contention the trial court erred in directing a verdict for appellee at the close of statement of appellant's counsel, it is well settled that a peremptory instruction may be given at the conclusion of the opening statement of defendant's counsel, where the facts on which he relies, as stated by him after opportunity for a full and complete statement, do not constitute a defense to plaintiff's cause of action. Carter v. Aetna Life Insurance Company, 272 Ky. 392, 114 S.W.2d 496.

██ The only other contention made by appellant is that the forcible detainer writ was issued upon complaint by appellee's attorney, instead of by appellee in person. Section 454, Civil Code of Practice, authorizes issual of the writ "Upon complaint by a person aggrieved". No affidavit or written statement is necessary to authorize issual of the writ. Tolbert v.

Young, 172 Ky. 269, 189 S.W. 209. The writ in this case was issued upon complaint of appellee's authorized attorney, and the attorney's acts in respect thereto were subsequently ratified by appellee. This was a sufficient compliance with section 454 of the Civil Code of Practice.

The judgment is affirmed.