## MARMOR v. BANK OF LOUISVILLE.

Court of Appeals of Kentucky.

Oct. 9, 1953.

Rehearing Denied Dec. 11, 1953.

Steinfeld & Steinfeld, Louisville, for appellant.

Dodd & Dodd, Allen P. Dodd, Jr., Louisville, for appellee.

WADDILL, Commissioner.

This is the second appeal of this case. The first appeal was taken by the Travelers Fire Insurance Company from a judgment in favor of the Bank of Louisville and this Court reversed that judgment. Travelers Fire Insurance Company v. Bank of Louisville, Ky., 243 S.W.2d 996. Upon return of the case to the lower court it entered an amended judgment holding Arch J. Marmor liable to the Bank of Louisville for the amount claimed originally against the Travelers Insurance Company. Marmor prosecutes this appeal.

The facts and circumstances out of which this litigation arose are fully set forth in Travelers Fire Insurance Company v. Bank of Louisville, Ky., 243 S.W.2d 996, and for purposes of this opinion it is sufficient to say that appellant, Marmor, represented that he had procured a contract of insurance on a motor vehicle for the Bank of Louisville, as agent for Travelers Insurance Company, and that a loss occurred before Marmor had placed the insurance with any insurance company. This Court held that Marmor was acting as an independent broker and not as an agent for the Travelers Insurance Company and that there was no acceptance by the Travelers Insurance Company of the application for insurance.

The supplemental judgment was entered against Marmor under the rule that a person who undertakes to contract as agent for another, without authority to do so, will be personally liable on the contract regardless of his good faith belief in his own authority. A review of the record convinces us that the pleadings will not support a judgment on this theory.

In its petition, appellee, Bank of Louisville, asserts that Marmor was the agent of Travelers, acting in the real or apparent scope of his authority. There is no alternative allegation to the effect that Marmor held himself out as an agent without authority. Such an allegation is necessary to support a judgment against Marmor individually. The only liability that could be adjudged against Marmor under the allegations of the petition would be merely secondary to the liability of his principal. It is an elementary rule that although the court has jurisdiction of the parties and of

the subject matter, it is without authority to adjudicate upon matters not put in issue by the pleadings. Newsom v. Damron, 302 Ky. 79, 193 S.W.2d 643.

Any recovery against Marmor individually must be had in a new suit. This question, however, under the state of the record, is not before us.

Judgment reversed.