**The CINCINNATI INSURANCE COMPANY, Appellant,**

v.

**Donald CLARY et al., Appellees.**

Court of Appeals of Kentucky.

Dec. 13, 1968.

James W. Lyon, Sr., Greenup, Charles S. Sinnette, Ashland, for appellant.

J. D. Atkinson, Jr., Greenup, W. H. Dysard, H. Gene Baldridge, Ashland, for appellees.

MARVIN J. STERNBERG, Special Commissioner.

This is an action to enforce the liability under the provisions of a fire insurance policy binder. The parties hereto, for purposes of convenience, will be designated as follows: The Cincinnati Insurance Company will be referred to as Company; Don-

ald Clary and Phyllis Clary will be referred to as Clarys; John H. Williams, doing business as Wells-Williams Insurance Company, will be referred to as Williams.

Appellee Donald Clary purchased a house and lot in South Shore in Greenup County for $5,200 on January 28, 1967. On the same day Donald Clary went to the office of appellee Williams to cover the house with fire insurance. At that time Donald Clary paid $15 for the first-year premium on the three-year policy and was issued a binder in the Company. Sometime during the early morning hours of March 1, 1967, the dwelling was completely destroyed by fire. Later that same day appellee Clary personally advised Williams of the loss but was told by Williams that the application for insurance had been refused and payment of premium had been refunded. This was the first notification that appellee Clary had received, either that the insurance was not in effect or that the premium was being refunded. The letter of notification and check are dated February 27, 1967, but the envelope in which they were mailed shows a postmark in the forenoon of March 1, 1967, at the Portsmouth, Ohio, post office.

Liability for the loss was denied by the Company, and a cross-claim was filed by it against Williams asking for indemnity in the event the Company was required to pay the claim to Clarys.

The issues having been joined, the case was tried, and at the conclusion of all the evidence for all of the parties, the court (1) directed a verdict for Clarys against the Company for $4,700, and (2) dismissed the claim of the Company against Williams.

Complaint is made herein by appellant Company that the circuit judge should not have directed a verdict against it in favor of the Clarys and Williams, but should have granted appellant a directed verdict of dismissal. The testimony discloses that Williams was a general agent for the Company. The agency contract between Williams and Company, among other things, states that Williams is granted authority "to receive and accept proposals" for insurance. The insurance coverage was issued on a blank form furnished by the Company, and the markings made on the form by the agent show that it was a "binder" as contrasted with "application" or "change request." The full premium was paid to the agent for the first-year's coverage but was not remitted by the agent to the Company. It was customary for the agent to place the insurance with the same company on which the binder was written. This was the usual and customary procedure for the agent to follow, but the insurance company had not been notified that the subject coverage had been placed with it.

Arguments in the briefs direct themselves to the discussion of (1) whether the agent was authorized to bind the Company for insurance coverage, (2) whether an insurance binder was issued, and (3) whether the amount of damages was proven.

■ One pleading and relying on agency has the burden of proving both the agency and its extent. Jobe v. Witten, 305 Ky. 457, 204 S.W.2d 575; General Service Garage v. Lexington Oil Co., 274 Ky. 330, 118 S.W.2d 690.

■ We must also bear in mind that an agency cannot be established by the declaration of the alleged agent but must be established by other evidence.

■ Counsel for the Company elicited from Williams in his testimony that he, Williams, was a general agent for the Company. The written contract between the Company and Williams discloses both the facts of the agency and its extent. The conduct of Williams in handling this coverage was in keeping with his usual and customary practices. The proof, therefore, is sufficient to establish that Williams was the general agent for the Company.

■ The written agency contract provides that the agent not only is authorized

to receive applications for insurance, but the agent is also authorized to accept the application. This the agent, Williams, did and issued the binder.

A binder is defined as a memorandum of an agreement for insurance intended to give temporary protection pending investigation of the risk and issuance of a formal policy. Nowhere in the written agency agreement is there a provision requiring that an application for insurance must be sent to the Company for its consideration and approval. The acceptance by the agent was sufficient, and the coverage issued was a proper binder affording temporarily the protection sought, purchased, and paid for by appellee Donald Clary.

Appellee Clary, while being interrogated by his own attorney, stated that he bought the land and improvements on January 28, 1967, for $5,200. He further testified on direct examination that the value of the lot without the improvements was $400 or $500. On cross-examination by counsel for the Company, appellee Donald Clary testified that the value of the land and improvements was $5,200, and the value of the lot was $500. The witness, Jack Lockhart, Chief of the Fire Department, described the building after the fire as a total loss. This evidence was sufficient to establish the damage as being the difference between the value of the land and improvements ($5,200) and the value of the land after the fire ($500). Thus, the court found the damage to be $4,700.

Perceiving no error committed by the court in the trial and disposition of this action, the judgment of the lower court is affirmed.

All concur.