RENDERED: OCTOBER 20, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-1539-MR

A&M HEALTHCARE INVESTMENTS
LLC; 900 GAGEL AVENUE LLC
(SUBSTITUTED DEFENDANT FOR
945 WEST RUSSELL STREET LLC);
BENCHMARK HEALTHCARE
CONSULTANTS LLC; INFINITY
HEALTHCARE MANAGEMENT
CONSULTING OF KENTUCKY LLC;
JOSEPH MEISELS; STRAWBERRY
FIELDS MANAGEMENT SERVICE
LLC; AND STRAWBERRY FIELDS
REIT LLC                                                    APPELLANTS


                    APPEAL FROM JEFFERSON CIRCUIT COURT
v.                  HONORABLE MITCHELL PERRY, JUDGE
                         ACTION NO. 20-CI-000237


JOSEPH P. GILL JR., AS
ADMINISTRATOR OF THE ESTATE
OF BARBARA S. GILL, DECEASED;
945 WEST RUSSELL STREET LLC;
CATHY ALLEN, IN HER CAPACITY
AS ADMINISTRATOR OF
LANDMARK OF IROQUOIS PARK
REHABILITATION AND NURSING
CENTER; JOHN DOE 1; JOHN DOE 2;
JOHN DOE 3; LANDMARK OF
IROQUOIS PARK REHABILITATION

AND NURSING CENTER LLC; AND
RAYMOND BELL, IN HIS
CAPACITY AS ADMINISTRATOR
OF LANDMARK OF IROQUOIS
PARK REHABILITATION AND
NURSING CENTER                                                    APPELLEES

<u>OPINION</u>
<u>AFFIRMING</u>

** ** ** ** **

BEFORE:  THOMPSON, CHIEF JUDGE; CETRULO AND COMBS, JUDGES.

CETRULO, JUDGE:  The Appellants[1] – "Corporate Entities" related to a

rehabilitation and nursing center – appeal an order denying, in relevant part, their

motion to compel arbitration.  Upon review, we agree with the Jefferson Circuit

Court that the Corporate Entities did not establish their right to enforce an

arbitration agreement, and therefore we affirm.

## I.    BACKGROUND

In January 2016, Barbara Gill moved into AHF Kentucky-Iowa, d/b/a

Georgetown Manor ("AHF"), a skilled nursing facility.  Upon admission, Barbara

Gill's son, Appellee Joseph Gill, signed a "Voluntary Arbitration and Limitation of

---

[1] A&M Healthcare Investments LLC; 900 Gagel Avenue LLC (Substituted Defendant For 945 West Russell Street LLC); Benchmark Healthcare Consultants LLC; Infinity Healthcare Management Consulting of Kentucky LLC; Joseph Meisels; Strawberry Fields Management Service LLC; and Strawberry Fields REIT LLC.

Liability Agreement" ("Arbitration Agreement") on her behalf.[2]  The Arbitration

Agreement defined "Facility" as "Georgetown Manor including its officers,

employees, agents, administrators, and directors."  The Arbitration Agreement

bound the Facility and Barbara Gill to arbitrate, in relevant part, any "medical

claim[s] or negligence claim[s] or both that seek to recover monetary damages in

civil court for injury, death, or loss to person or property."

In July 2018, AHF sold operations to Landmark of Iroquois Park

Rehabilitation and Nursing Center, LLC ("Landmark").  The Operations Transfer

Agreement between AHF and Landmark stated, in relevant part, "[t]o the extent

assignable, AHF shall transfer, convey and assign to [Landmark], at Closing, all

Assumed Operating Contracts and any existing agreements with residents and any

guarantors thereof[.]"  Following the ownership change, Barbara Gill continued to

reside at Landmark until three days before her death on March 21, 2019.

In January 2020, Joseph Gill, as Administrator of the Estate of

Barbara Gill ("the Estate"), brought suit against Landmark and its related

Corporate Entities alleging negligence and wrongful death of Barbara Gill.  In

August 2020, Landmark and its related Corporate Entities filed a motion to compel

arbitration.  The Jefferson Circuit Court denied the motion, and on appeal this

---

[2] Joseph Gill's authority to execute the Arbitration Agreement on his mother's behalf – with a valid power of attorney – is not at issue.

Court affirmed in part and reversed in part. *See Landmark of Iroquois Park Rehab. & Nursing Ctr., LLC v. Gill*, No. 2020-CA-1362-MR, 2022 WL 2182676 (Ky. App. Jun. 17, 2022).

Ultimately, this Court determined that (1) the Arbitration Agreement was enforceable between the Estate and AHF and, (2) Landmark, as assignee of AHF, could enforce the Arbitration Agreement, provided they had not waived the right. Further, this Court found that "only Landmark constitutes an 'assign' under the [Arbitration] Agreement" but noted that the circuit court "did not reach the issue of whether any [of the related Corporate Entities are] entitled to enforce the [Arbitration] Agreement, as a matter of contract." Therefore, this Court did not address that issue in the prior appeal, and the case was remanded.

On remand, the Jefferson Circuit Court found that Landmark[3] did not waive its right to arbitrate and thus could enforce the Arbitration Agreement. Secondly, the circuit court found the contract language clear and unambiguous that only "the Facility, its officers, employees, agents, administrators, and directors" are permitted to compel arbitration. The related corporate entities were not included. Thus, the circuit court denied their motion to compel arbitration. The Corporate Entities appealed, bringing the matter to this Court for a second time.

---

[3] And its named administrators: Appellee Cathy Allen and Appellee Raymond Bell.

## II.    STANDARD OF REVIEW

Though interlocutory orders are generally not appealable, "an order denying a motion to compel arbitration is immediately appealable." *New Meadowview Health & Rehab. Ctr., LLC v. Booker*, 550 S.W.3d 56, 58 (Ky. App. 2018) (citing Kentucky Revised Statute 417.220(1)).  This matter is entirely an issue of law; therefore, our standard of review is *de novo*.  *Conseco Fin. Servicing Corp. v. Wilder*, 47 S.W.3d 335, 340 (Ky. App. 2001).

## III.    ANALYSIS

> "Five theories for binding non-signatories to arbitration agreements have been recognized:  (1) incorporation by reference, (2) assumption, (3) agency, (4) veil-piercing/alter ego, and (5) estoppel." *Olshan Foundation Repair and Waterproofing v. Otto*, 276 S.W.3d 827, 831 (Ky. App. 2009) (citation omitted).  As the parties seeking to compel arbitration, [Landmark and the Corporate Entities] bore the burden of showing they constitute non-signatories who may enforce the Agreement.  [*Ping v. Beverly Enters., Inc.*, 376 S.W.3d 581, 590 (Ky. 2012)].

*Landmark*, 2022 WL 2182676, at *8.

Here, again, the Corporate Entities bear the burden of showing they constitute non-signatories who may enforce the Arbitration Agreement.  *See id. See also Wright v. Sullivan Payne Co.*, 839 S.W.2d 250, 253 (Ky. 1992) (citing *Cincinnati Ins. Co. v. Clary*, 435 S.W.2d 88, 89 (Ky. 1968)) ("The burden of proving agency is on the party alleging its existence.").  The Corporate Entities argue that the definition of "Facility" in the Arbitration Agreement encompasses

-5-

them as "agents" of Landmark. They admit in their appellate brief that "[i]t is an established rule that where there is an issue on the question[,] the burden of establishing agency is upon the party alleging it," citing to *Crump v. Sabath*, 88 S.W.2d 665, 666-67 (Ky. 1935) (citations omitted). And yet, the Corporate Entities do not meet the burden they so clearly stated.

Instead, the Corporate Entities argue – without precedential support[4] – that the circuit court "was incorrect in its assertion that [they] must prove agency" because (1) proving such an agency relationship could effectively waive future defenses, and (2) such a determination is unnecessary because the Arbitration Agreement as a whole was intended "to encompass all claims derivative of [Barbara] Gill's residency[.]"[5] While those arguments look pretty sitting on the table, there are no legs holding them up. Choosing not to establish an agency relationship – in order to preserve possible defenses down the line – is a valid *legal*

---

[4] The Corporate Entities cite to precedent in their appellate brief but none that grants an exception to the burden of establishing agency, *i.e.*, an exception to the clearly stated rule in *Wright*, 839 S.W.2d at 253, "the burden of proving agency is on the party alleging its existence." As an intermediate appellate court, we are bound by published decisions of the Kentucky Supreme Court. Rule of the Supreme Court of Kentucky 1.030(8)(a).

[5] The Corporate Entities seem to argue that the "Arbitration Agreement's assigns clause" somehow encapsulated them, but the Corporate Entities did not present evidence that they were assignees of Landmark, and this Court previously limited the assignment verbiage in the Arbitration Agreement to *only* Landmark. *Landmark*, 2022 WL 2182676, at *7. ("[O]nly Landmark constitutes an 'assign' under the [Arbitration] Agreement owing to the [Operations Transfer Agreement] under which it assumed the operation of the nursing home, including the performance of contracts with its residents."). As such, we are bound by those findings. *See Union Light, Heat & Power Co. v. Blackwell's Adm'r*, 291 S.W.2d 539, 542 (Ky. 1956)).

*strategy*, but it does not negate their burden.  Moreover, a party cannot argue about the enforceability of an arbitration agreement without first proving they are bound to that contract.  *Phoenix Am. Adm'rs, LLC v. Lee*, 670 S.W.3d 832, 838-39 (Ky. 2023)) (quoting *Presnell Constr. Managers, Inc. v. EH Constr., LLC*, 134 S.W.3d 575, 579 (Ky. 2004)).  Stated another way, the Corporate Entities needed to show privity to the Arbitration Agreement *before* arguing as to the substance of that Arbitration Agreement.  *See id.*  The rule the Corporate Entities admitted remains their burden:  if they wish to enforce the Arbitration Agreement as agents of Landmark, they first bear the burden of establishing an agency relationship with Landmark, a burden they chose not to meet.

Although we owe no deference to the legal findings of the circuit court within a *de novo* review – *Conseco*, 47 S.W.3d at 340 – we see no need to further expound upon the circuit court's clear, concise, correct conclusions.

> The language of the Arbitration Agreement plainly states that it applies to the "Facility" and its "officers, employees, agents, administrators, and directors."  This express language does not include related corporate entities.  Especially not corporate entities that stressed their disconnectedness from the facility earlier in litigation.  Defendants allege that they fall under the "agents" category, but have failed to adequately meet their burden of proving that.  *See Lacy v. Hodgkin*, 122 S.W.2d 768 (Ky. 1938); *Cincinnati Ins. Co. v. Clary*, 435 S.W.2d 88 (Ky. 1968) ("One pleading and relying on agency has the burden of proving both the agency and its extent.").

As arbitration agreements are matters of contract, the rules of contract interpretation are appropriate here. Where the contract's language is clear and unambiguous, the agreement is to be given effect according to its terms, and "a court will interpret the contract's terms by assigning language its ordinary meaning and without resort to extrinsic evidence." *Voherr v. Coldiron*, 525 S.W.3d 532, 543 (Ky. App. 2017) (quoting *Frear v. P.T.A. Industries, Inc.*, 103 S.W.3d 99, 106 (Ky. 2003)). The language of the Arbitration Agreement is plain. Only the Facility, its officers, employees, agents, administrators, and directors are permitted to compel arbitration. Related corporate entities are not included. The corporate entities here have not met their burden that they are agents of the facility, so they are not entitled to seek arbitration under this agreement.

Lastly, the Corporate Entities argue the Estate should be estopped from challenging their agency status because the Estate – in prior pleadings – inferred such a relationship existed. However, this argument is unpersuasive because (1) again, the burden is not on the Estate to prove an agency relationship, and (2) the record does not support a contention that the Estate conceded to the Corporate Entities being considered agents of Landmark. Pleadings are not evidence. *Educ. Training Sys., Inc. v. Monroe Guar. Ins. Co.*, 129 S.W.3d 850, 853 (Ky. App. 2003). Allegations in a complaint do not negate the burden of proof on the opposing party claiming agency.

## IV. CONCLUSION

Therefore, we AFFIRM the November 2022 order of the Jefferson Circuit Court.

ALL CONCUR.

BRIEFS FOR APPELLANTS:

Brandon C. R. Sword
Jesse A. Farler
Louisville, Kentucky

BRIEF FOR APPELLEE JOSEPH P.
GILL JR., AS ADMINISTRATOR OF
THE ESTATE OF BARBARA S.
GILL, DECEASED:

Lisa E. Circeo
Megan L. Adkins
Lexington, Kentucky