Henry BOWEN, Appellant,

v.

EASTSIDE JERSEY DAIRY and Duane T. Young, Appellees.

Court of Appeals of Kentucky.

April 11, 1975.

Bernard Leachman, Jr., Louisville, for appellant.

Frank P. Doheny, Jr., William A. Blodgett, Jr., Woodward, Hobson & Fulton, Louisville, for appellees.

PALMORE, Justice.

Henry Bowen appeals from a final order quashing the return of summons upon and dismissing his action against Eastside Jersey Dairy and Duane T. Young, absent nonresidents of Kentucky. The ground on which the return was quashed and the action dismissed was that service of process on the Secretary of State as agent for the defendants did not suffice to establish jurisdiction in personam. We affirm.

The complaint alleged that on November 7, 1970, near Greenwood, Indiana, the defendant Young, acting as the defendant Eastside Jersey Dairy's servant, negligently caused a collision between the dairy's truck and Bowen's automobile, inflicting personal injury and property damage upon Bowen. A second count, purporting to be an "interpleader" under CR 22, alleged that on November 13 and 20, 1970, the defendants had presented against the plaintiff, in Kentucky, a "transitory claim" for money damages, and the complaint demanded that they assert such claim by compulsory counterclaim. Jurisdiction was

asserted under KRS 454.210(2)(a) and 271.610.

The record contains no indication of any action taken by either defendant in or with respect to the state of Kentucky except for two letters from the dairy claiming damages to the truck. One of these, dated November 13, 1970, was addressed to Bowen at Louisville, Kentucky, and asked that he refer an enclosed repair estimate to his insurance carrier. The other, dated November 19, 1970, was addressed to Bowen's lawyer, also at Louisville, and asked him to see that Bowen receive a copy of the claim and repair estimate.

Bowen's contention is that by mailing these two letters into Kentucky the dairy subjected itself to the jurisdiction of our courts. He does not broach any theory on which Young also might be amenable to such jurisdiction, and our own ingenuity is not equal to the task of inventing one.

That this action does not have the essential elements of an interpleader needs no discussion, because even if it did there is no statutory basis for obtaining personal jurisdiction against an absent nonresident solely on the basis of letters sent by him in an effort to obtain settlement of a claim against the person seeking such jurisdiction.

The portion of KRS 454.210(2)(a) upon which Bowen relies provides that a court may exercise personal jurisdiction over a person "as to a claim arising from the person's: 1. Transacting any business in this Commonwealth." Obviously that statute could not apply in this case, for the simple reason that the claim asserted by Bowen did not arise from the letters.

KRS 271.610(2) authorizes service of process on a foreign corporation that does business in this state without designating a process agent as required by KRS 271.385. It provides that by so doing business in this state the corporation shall be deemed to have made the Secretary of State its process agent in any action "arising out of or connected with the doing of business by such corporation in this state." Again, as observed with respect to KRS 454.210, this action did not arise out of or in connection with the letters, but entirely from an event that preceded them. Moreover, there is nothing in the record to indicate the primary requisite that the dairy is a corporation.

We do not reach the constitutional question of whether the mere assertion by mail of a claim arising from a past transaction in another state could serve as a valid basis for personal jurisdiction in this state.

The judgment is affirmed.

All concur.