Elizabeth **WRIGHT, Commissioner of Insurance for the Commonwealth of Kentucky, as Liquidator for Delta America Re Insurance Company, Appellant,**

v.

**SULLIVAN PAYNE COMPANY, Appellee.**

**No. 91–SC–287–DG.**

Supreme Court of Kentucky.

Sept. 3, 1992.

As Modified on Denial of Rehearing Nov. 19, 1992.

John S. Palmore, James L. Gay, Kevin M. McGuire, Stanton L. Cave, Jackson & Kelly, Lexington, for appellant.

Winifred L. Bryant, Richard E. Fitzpatrick, Lexington, for appellee.

REYNOLDS, Justice.

The issues for decision are: (1) whether, within the limitation of the due process clause of the Fourteenth Amendment, appellee, an Iowa corporation, has, by its activities and business relationship with Delta America Re Insurance Company, a Kentucky corporation now in receivership, rendered itself amenable to proceedings in the courts of Kentucky exacted by state statutes, KRS 304.33–010 *et seq.;* and (2) whether the Kentucky Commissioner of Insurance was acting in an individual capacity as the liquidator of Delta.

The case arises from liquidation proceedings which the Kentucky Insurance Commissioner instituted by an action in Franklin Circuit Court placing Delta America Re Insurance Company (Delta) involuntarily into liquidation on September 13, 1985, by order of Franklin Circuit Court. The statutes, cited as the Kentucky Insurers Rehabilitation and Liquidation Law, provide a comprehensive manner of regulating, rehabilitating and liquidating insurers.

The cast includes:

Delta America Re Insurance Company (Delta) is a Kentucky domiciled insurance corporation, with its principal offices, records and personnel located in New York City, from which all business was conducted. Delta, which did both domestic and foreign business, was not engaged in any activity in the Commonwealth until the Kentucky Department of Insurance, by an order of liquidation, removed all New York records and necessary employees to Louisville in order that termination procedures could be more easily accomplished. Prior to the liquidation proceedings, Delta was engaged in the business of providing reinsurance to direct underwriters. The expanse of its business included the retroceding of a portion of the risk to retrocessionaires. Additionally, it would, itself, accept risks retroceded to it from other reinsurers. This is considered a complex business due, in part, to the multiplicity and diverse exposures of accepting or limiting insurance risk.

The appellant, who is the named Commissioner of Insurance (Liquidator), is the court appointed liquidator of Delta.

American Home Assurance Company is a New York corporation, with its principal office in New York City. This company was a direct underwriter, and being a writ-

ing company of insurance policies, it was known as a cedent because it shared or ceded a portion of its premiums and a portion of its risk to an assuming company.

Appellee, Sullivan Payne Company (Sullivan), is an Iowa corporation, with its predecessor having been incorporated in the state of Washington and its principal offices located in Seattle, Washington. Sullivan maintained no offices, agents or employees in Kentucky, nor was it licensed to transact business therein. Sullivan served as an intermediary, however, which was a trained participant in the reinsurance business and facilitated the placement of insurance coverage and the preparation of formal contracts (known as treaties) between the insurer and the reinsurer. It served as a conduit for the payment of premiums between the insurer and the reinsurer as well as remitting loss payments between the parties. Compensation for its services is in the form of a brokerage commission on the premiums paid by the reinsured to its reinsurer.

As of the date that Delta was placed into liquidation, Sullivan was holding $2,917,657.39 paid by American Home in connection with its treaty with Delta. The sum of money was claimed by both the Liquidator and American Home. A September 15, 1985, order of Franklin Circuit Court was served upon Sullivan and it provided in part:

> That the officers, directors, trustees, policy holders, agents and employees of Delta Re and all other persons, including but not limited to claimants, plaintiffs and petitioners who have claims against Delta Re, are permanently enjoined and restrained from bringing or further prosecuting any action at law, suit in equity, special or other proceeding against the said corporation (i.e. Delta Re) or its estate, or the Commissioner and his successor in office, as Liquidator thereof, or from making or executing any levy upon the property or estate of said corporation or from in any way interfering with the Commissioner or any successor in office, in his possession or in the discharge of his duties as Liquidator thereof, or in the liquidation of said corporation.

Neither claimant is shown to have had title to the monies, but was asserting rights thereto. Sullivan, in a resolution attempt, sought to legally determine the party entitled to the money it held. Subsequently, Sullivan filed an action under the federal interpleader act in the New York Federal Court and tendered $2,917,657.39 for deposit and asserted the business conducted between all parties had been transacted in New York and they were also subject to that state's jurisdiction. After receiving a copy of the complaint, the Liquidator sought and was granted, ex parte, by Franklin Circuit Court, a temporary restraining order against Sullivan. The New York Federal Court placed the interpleader action in abeyance until a Kentucky court resolved the jurisdictional issue as to Sullivan.

Thereafter, the Liquidator instituted a civil action both against Sullivan and other nonresident intermediaries as well as a nearly identical action only against Sullivan. Therein it sought to collect the monies held by the intermediaries and these cases were removed to the U.S. District Court for the Eastern District of Kentucky and consolidated. The reasoned opinion and nonfinal order of the federal court held that it did not have personal jurisdiction over Sullivan and noted that if the federal court cannot, consistent with due process, obtain personal jurisdiction, then the state court is likewise incapable of obtaining such jurisdiction.

Franklin Circuit Court, upon the Liquidator's motion, found Sullivan in contempt for instituting the interpleader action and for violating its September 1985 restraining order. The trial court determined, without analysis, that it had personal jurisdiction over Sullivan pursuant to both KRS 454.210 and KRS 304.33–040(5) and a $50,000 penalty for contempt was levied against the broker. The contempt order, upon appeal, was reversed by the Court of Appeals and we granted discretionary review.

The Liquidator, on appeal to this Court, maintains that the broker had sufficient contact, ties and relations with Kentucky

which subjected it to Kentucky jurisdiction with respect to the liquidation of Delta. Reliance is based upon the Kentucky Liquidation Act (KRS 304.33–040[5]) which provides:

(5) Personal jurisdiction, ground for. In addition to other grounds for jurisdiction provided by the law of this state, a court of this state having jurisdiction of the subject matter has jurisdiction over a person served in an action brought by the receiver of a domestic insurer or an alien insurer domiciled in this state:

(a) If the person served is obligated to the insurer in any way as an incident to any agency or brokerage arrangement that may exist or has existed between the insurer and the agent or broker, in any action on or incident to the obligation; ...

Thus, it is claimed that *all* persons obligated to Delta as a result of an agency relationship are subject to the jurisdiction of the liquidation court. It is stated that needless dissipation of a Liquidator's estate would occur otherwise, and Sullivan could have foreseen regulatory actions to be taken by Kentucky in regard to a Kentucky Commissioner's liquidation of a Kentucky insurer.

■ Although Franklin Circuit Court relied in part upon the Kentucky Long Arm Statute, KRS 454.210, for exercising jurisdiction over nonresidents, we consider that the statute extends personal jurisdiction over nonresidents only to the limits of the Constitution's due process clause. *Davis H. Elliot Co., Inc. v. Caribbean Utilities Co., Ltd.*, 513 F.2d 1176 (6th Cir.1975). The burden of proof to establish personal jurisdiction falls upon the plaintiff. *American Greetings Corp. v. Cohn*, 839 F.2d 1164 (6th Cir.1988). This record discloses that the broker engaged in no activity subjecting it to coverage under the Long Arm Statute nor does the Liquidator raise any contacts, ties or relations that occurred in Kentucky.

■ The Liquidator's renewed argument that the Kentucky Liquidation Act extends jurisdiction of the liquidation court to persons obligated to the insurer as a result of an agency relationship is distinguishable herein. Irrespective of the number of times the Liquidator has asserted the existence of an agency relationship, there are insufficient facts of record, other than a verified application for a restraining order, that asserts that Sullivan was an agent, and this allegation has, in fact, been sufficiently rebutted. Agency is a legal conclusion to be reached only after analyzing relevant facts. Given every fact alleged, there is still insufficiency for a legal conclusion of agency. The burden of proving agency is on the party alleging its existence. *Cincinnati Insurance Company v. Clary*, Ky., 435 S.W.2d 88 (1968). Were Sullivan an agent, the question arises as to whether KRS 304–33.040 facially applies. *Knickerbocker Agency, Inc. v. Holz*, 4 N.Y.2d 245, 173 N.Y.S.2d 602, 149 N.E.2d 885 (1958) is clearly distinguished.

The reviewing courts have looked in vain for a treaty designating Sullivan as Delta's agent. There is no authority for the Liquidator's assertion that Sullivan, as an intermediary, acted as an agent of Delta. To the contrary, the record discloses that Sullivan is not a party to any treaty. Under similar circumstances it was held that a reinsurance intermediary acts as an agent for the ceding company in all respects. *Matter of Pritchard & Baird, Inc.*, 8 B.R. 265 (D.N.J.1980).

The McCarran–Ferguson Act, 15 U.S.C. § 1011, *et seq.* characterizes the regulation of insurance as a matter which public interest dictates be left to the states. Neither the Act nor authority is cited which would plainly give rise to jurisdictional extension. The issue of concern, based solely on the pervasive regulatory scheme of KRS 304.-33–040, is whether the public interest as regulated by the state is contact sufficient to support jurisdiction. Stated otherwise, does the regulatory scheme give rise to jurisdiction absent minimum contacts within the state?

■ Jurisdiction over a nonresident party under scrutiny of federal due process is still to be considered in light of *International Shoe Co. v. State of Washington*,

*Office of Unemployment Compensation and Placement,* 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945). It is to be determined that the exercise of jurisdiction does not offend traditional notions of fair play and substantial justice. Thus, it was held, certain minimum contacts are required within the territory of the forum in order to obtain an in personam judgment against a nonresident litigant. Subsequent decisions elaborate upon the minimal contacts. *See McGee v. International Life Insurance Co.,* 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223 (1957); *Travelers Health Assn. v. Virginia,* 339 U.S. 643, 70 S.Ct. 927, 94 L.Ed. 1154 (1950). Herein, the Liquidator, while appearing not to advocate a broad extension of the due process clause, seeks to carve a special exception into the due process clause for state regulated liquidation proceedings. Admittedly this would facilitate the duties of a Liquidator who would otherwise be inconvenienced by having to pursue nonresidents in other forums. However, the Constitution's due process clause was not adopted to further the convenience of the state, but to ensure that no state would attempt to make a binding judgment against a defendant with which the state had no contacts, relations or ties. *World–Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980), provides that:

> Even if the defendant would suffer minimal or no inconvenience from being forced to litigate before the tribunals of another State; even if the forum State has a strong interest in applying its law to the controversy; even if the forum State is the most convenient location for litigation, the Due Process Clause acting as an instrument of interstate federalism, may sometimes act to divest the State of its power to render a valid judgment.

We disagree with appellant's argument that the Court of Appeals based its opinion upon talismanic formulas in determining whether or not jurisdiction reposed with the Kentucky court. The review of the U.S. Sixth Circuit Court of Appeals' opinion which formulated three criteria for determining the outer limits of personal jurisdic-

tion as well as the review of other circuits' opinions did not provide "the formula" or constitute the final reasoning of the Court of Appeals' opinion. *Southern Machine Co. v. Mohasco Industries, Inc.,* 401 F.2d 374 (6th Cir.1968). We agree with the Court of Appeals that flexibility or relaxation of minimal contact requirements in measuring the constitutional validity of in personam jurisdiction does not announce the demise of all restrictions. *See Product Promotions, Inc. v. Cousteau,* 495 F.2d 483 (5th Cir.1974).

While talismanic formulas are not to be either blindly or broadly applied, they are not without worth. Also consider *Tube Turns Division of Chemetron Corp. v. Patterson Co., Inc.,* Ky.App., 562 S.W.2d 99 (1978); *Bowen v. Eastside Jersey Dairy,* Ky., 521 S.W.2d 822 (1975). *LAK, Inc. v. Deer Creek Enterprises,* 885 F.2d 1293, 1294 (6th Cir.1989) (cert. denied 494 U.S. 1056, 110 S.Ct. 1525, 108 L.Ed.2d 764 [1990]), noted the rejection of talismanic formulas and emphasized that the facts of each case must be weighed in determining whether personal jurisdiction would comport with fair play and substantial justice.

The Liquidator maintains that courts have traditionally enforced orders which were issued to protect the interests of various insureds and creditors of an insolvent insurer. These cases are distinguishable, including *Ballesteros v. New Jersey Property Liability Insurance and Guaranty Assn.,* 530 F.Supp. 1367 (D.N.J.1982), as they are inapposite and deal with the authority of a liquidation court, acting in rem, to take action affecting insurance policies issued by the defunct insurer. These authorities do not deal with the liquidation court's attempt to enter a personal judgment against a nonresident defendant.

*Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985), is cited as supportive authority for the Liquidator's position. That case does not involve a statutory/liquidation act. Rudzewicz was a nonresident defendant with no physical ties to Florida, but was a Michigan franchisee who had entered into a 20 year continuing contract and relation-

ship with Burger King at its Florida headquarters. Their contract provided for continuing and involved Florida contacts. Although the defendant had not physically entered within the state, he conducted demonstrative correspondence directed to the state, which the Supreme Court determined sufficient minimum contacts for the exercise of in personam jurisdiction over the defendant by the Florida court. There was also included within the parties' contract documents from which there was fair notice that in the course of dealings, the parties might be subject to suit in Burger King's forum state. The differences which distinguish this case from *Burger King, supra,* are among those which distinguish it from *In the Matter of All–Star Insurance Company,* 110 Wis.2d 72, 327 N.W.2d 648 (1983), which involved a casualty insurance company as opposed to the factors contained in the instant case and involving a reinsurance entity.

No authority is provided where an individual entity's contract with an out-of-state party alone can automatically establish sufficient minimum contacts in the other party's home forum. Conceptualistic theories aside, *Burger King, supra,* gives emphasis to such factors of prior negotiations and contemplated future consequences along with the terms of the contract and the parties' actual course of dealings wherein that must be evaluated in determining whether a party purposefully established minimum contacts within the forum.

The rationale of *Burger King* does not extend in personam jurisdiction solely by virtue of the liquidation act. The state does not acquire jurisdiction by being the center of gravity of the controversy or the most convenient location for litigation. The issue is personal jurisdiction, not choice of law. The argument that if a state's law can properly be applied to a dispute, its courts necessarily have jurisdiction over the parties to that dispute, has been rejected. *See Shaffer v. Heitner,* 433 U.S. 186, 97 S.Ct. 2569, 53 L.Ed.2d 683 (1977).

We consider it to be a fallacy that the liquidation statute, on its face, gives jurisdiction without contacts. Jurisdiction is not to be extended beyond due process limits.

The Liquidator looks, rightfully, to the public interest of Kentucky. When reviewed, however, the minimum contacts in *McGee, supra,* cited by the Liquidator, are distinguishable as we have no written contract of insurance between Kentucky consumers and the domestic reinsurer. There is a substantial basis for the argument that public policy interests or considerations do not exist to the extent urged by the Liquidator. Little, if any, business contacts exist and none have been noted with Kentucky residents. Entities directly affected by Delta's liquidation are corporations that may be located in many places other than Kentucky. It is neither argued nor does it appear that the Kentucky Insurance Guaranty Association or the Commonwealth's General Fund are at risk. Kentucky's public interest may be protected as long as the liquidation process is carried out in accordance with the legislature's intent. From a reading of the Act, the Liquidator is empowered to pursue litigation against nonresident defendants in those states having jurisdiction over them, and the legislature foresaw such foreign proceedings by provisions set out in the statute. The absolute convenience of the Liquidator is not always to be considered a matter of great public interest if it invades a nonresident's due process rights under the U.S. Constitution.

The appellant submits that the Court of Appeals was in error by finding that the Commissioner was acting in an individual capacity as Delta's liquidator. That Court's opinion characterizing the role of Commissioner as one in which no public function was discharged is obiter dictum. It was wholly unnecessary for the Court to discuss the capacity of the Liquidator and the expressions in the opinion that discussed that factor are considered dicta. *Drury v. Franke,* 247 Ky. 758, 57 S.W.2d 969 (1933). The utterance as to the Liquidator's capacity was not presented or related to an issue in this case. *Board of Trustees, Newport Public Library v. City of Newport,* 300 Ky. 125, 187 S.W.2d 806 (1945).

The decision of the Court of Appeals is affirmed.

STEPHENS, C.J., and SPAIN and WINTERSHEIMER, JJ., concur.

LEIBSON, J., concurs by separate opinion in which COMBS, J., joins.

LAMBERT, J., dissents by separate opinion.

LEIBSON, Justice, concurring.

I concur fully in the Majority Opinion's conclusion that the Kentucky long arm statute, KRS 454.210, does not serve as adequate basis for extending personal jurisdiction over Sullivan Payne Company in this case.

However, I respectfully disagree with that portion of the Majority Opinion further holding that the regulatory scheme for domestic insurers could not give rise to jurisdiction absent minimum contacts within the state, if the Majority means by this that minimum contacts require in-state personal contacts.

In my opinion state regulated liquidation proceedings, such as the one established by the "Insurer's Rehabilitation and Liquidation Law," KRS 304.33-010, et seq., can properly extend jurisdiction over nonresidents doing business with a resident insurer consistent with the federal Due Process Clause, if:

1) The statutory liquidation scheme specifies in clear and unambiguous terms, thus providing notice, that any commercial entity doing business with a Kentucky insurance corporation submits to Kentucky's jurisdiction by so doing; and

2) Such statute is in place, providing notice, at the time the nonresident undertakes to do business with the Kentucky corporation.

KRS 304.33-040(5) provides the terms for extending jurisdiction and venue over a foreign corporation in liquidation proceedings. None of the subparagraphs in KRS 304.33-040(5), as it read at the time of the transactions in question, were adequate to put Sullivan Payne Company on notice that, if holding money arguably the property of a Kentucky insurance corporation when the Kentucky company went into receivership, it was agreeing to be amenable to jurisdiction in Kentucky in a liquidation action. KRS 304.33-040(5)(a) extended personal jurisdiction "*if* the person served is obligated to the insurer in any way as an incident to any agency or brokerage arrangement." But, as the facts stated in the Majority Opinion demonstrate, Sullivan Payne acted as an intermediary, not in an "agency or brokerage arrangement."

Such is no longer the case. In 1990, KRS 304.33-040(5) was amended to add subparagraphs (d), (e), (f) and (g), notifying of additional grounds upon which nonresidents doing business *anywhere* with a Kentucky insurance corporation, by doing so, submit themselves to jurisdiction in Kentucky in a liquidation proceeding. Subparagraph (d) provides:

> "If the person served is or was at the time of the institution of the delinquency proceedings holding assets in which the receiver claims an interest on behalf of the insurer[.]"

And subparagraph (g) provides:

> "If the person served is obligated to the insurer in any way in any action on or incident to the obligation."

The 1990 Amendment to this statute broadens the class of persons on notice that they may have to answer in Kentucky. A commercial actor within the business of insurance who does business with a Kentucky insurance corporation at this time is now on notice that it must answer in Kentucky regarding assets in its possession in liquidation proceedings. This notice is sufficient to comply with the requirements of the federal Due Process Clause. Under the new statute this suit in Kentucky would not have been a due process violation.

COMBS, J., joins this concurring opinion.

LAMBERT, Justice, dissenting.

I respectfully dissent and would reverse the Court of Appeals as to whether KRS 304.33-010, *et seq.*, affords an adequate basis for extending jurisdiction over Sulli-

van Payne Company (Sullivan) in this matter.

KRS 304.33–040(5) is a long-arm statute specifically tailored to extend jurisdiction over a foreign corporation in statutory liquidation proceedings. Under the statute which prevailed at the relevant time, personal jurisdiction was extended to persons who were obligated to the insurer "... in any way as an incident to any agency or brokerage arrangement." Therefore, for valid personal jurisdiction to attach, the record must reflect that Sullivan, the intermediary, was obligated to Delta, the reinsurer, in some way *incident* to an agency or brokerage *arrangement.* In addition, Constitutional Due Process requires that Sullivan have sufficient minimum contacts with Kentucky as the forum state to avoid offense to traditional notions of fair play and substantial justice. These issues will be addressed in turn.

As to the first issue, the trial record discloses facts sufficient to support the finding that Sullivan was obligated to Delta incident to an agency or brokerage arrangement. Though both parties supplemented the record on appeal with evidence on the agency question, the only pertinent evidence put before the trial court is contained in a verified application for a restraining order filed by the appellant and a responsive affidavit filed by Sullivan. Any additional evidence as to the existence or non-existence of an agency relationship between Sullivan and Delta is not properly before this Court and is thus inappropriate for consideration here.

Contained in the application for restraining order was the Commissioner's affidavit that Sullivan was, at all times relevant to these proceedings, "an agent and broker of Delta Re." Though Sullivan subsequently contested this point on appeal, it failed to contest or rebut the statement before the trial court. The affidavit asserting an agency relationship between Sullivan and Delta not having been negated, appellant met its burden of proof and the trial court properly accepted its facts as proven. Appellant was not required to introduce further evidence on the point.

The affidavit put forward by the Commissioner was ample to sustain the trial court's finding of fact, i.e. that Sullivan was at all pertinent times an agent of Delta. The aforesaid affidavit and the absence of rebuttal by Sullivan is clearly set forth in the record and provides a sufficient basis for meaningful appellate review. Under this Court's ruling in *Commonwealth of Kentucky, Transportation Cabinet v. Taub*, Ky., 766 S.W.2d 49 (1988), it was beyond the Court of Appeals permissible scope of review to hear extraneous evidence of rebuttal on appeal. The trial court's finding that Sullivan acted as Delta's agent not being clearly erroneous, the application of KRS 304.33–040(5) is appropriate to Sullivan.

Apart from Sullivan's failure to timely contest the Commissioner's affidavit relating to the court's jurisdiction, ample facts are before this Court to sustain the trial court's determination. The statute which confers jurisdiction is broadly written and provides notice to any person, including a foreign corporation, that it will be subject to insolvency litigation in Kentucky arising out of any obligation to a Kentucky insurance corporation which is incident to any "agency or brokerage arrangement."

The affidavit of D. John Jolly, an employee of Sullivan who testified on its behalf, is dispositive of this point.

"Sullivan is named as intermediary in treaties entered into between Delta American Re Insurance Company ('Delta') and various ceding companies ('cedents'). Sullivan is not, however a party to the treaties. On information and belief, the treaties were negotiated and executed by the parties outside the Commonwealth of Kentucky. Acting as intermediary on the treaties, Sullivan has coordinated and administered the flow of information, documents and funds between the cedents [including American Home] and Delta. Except as noted below, all communication including phone calls, telex transmittals, correspondence and personal visits between employees and representatives of Sullivan and Delta has been with Delta at its administrative of-

fices located in New York, New York. Pursuant to instructions from Delta dated January 13, 1985 and from that date, Sullivan has sent premium checks to Delta in care of lockbox UKS 016, Louisville, Kentucky. The transmittal of checks to Delta is the *only* contact Sullivan has had with Kentucky under the treaties between Delta and the cedents."

In the foregoing affidavit, Sullivan characterized itself as an "intermediary" with respect to Delta and admitted that it coordinated and administered the flow of information, documents and funds between American Home and Delta. Finally, it acknowledged that, pursuant to Delta's instructions, it sent premium checks to Delta at Louisville, Kentucky. When the foregoing facts are considered in light of the broad jurisdictional basis set forth in the statute, there can be no doubt that, based on reasonable expectations and valid contacts, Sullivan is subject to the jurisdiction of this Court in this proceeding. While Sullivan denies its status as a named party to the treaty between American Home and Delta, in all practical respects, it was a party and served as Delta's agent at least for transmittal of information and funds.

Sullivan had sufficient contacts with Kentucky to satisfy the minimum contacts requirement of the due process clause. Under the modern approach, actual in-state contacts with the forum state are no longer required. What is required, is that the relationship between the nonresident defendant (Sullivan) and the forum state (Kentucky) be such that the defendant should "reasonably anticipate being haled into court there" as a result of his dealings. *World-Wide Volkswagon Corp. v. Woodson,* 444 U.S. 286, 297, 100 S.Ct. 559, 567, 62 L.Ed.2d 490 (1980).

In the matter at hand, Sullivan held itself out to be an intermediary in the reinsurance business. As a result, Sullivan is a highly sophisticated actor in the industry. Sullivan advises and represents large insurance corporations in highly diverse interstate and multinational transactions. To competently fulfill its obligations, Sullivan is necessarily charged with the knowledge of the expansive government regulation of the insurance industry—including liquidation procedures upon insolvency.