ILA M. MAHAN, Plaintiff-Appellant, v. ALBERT L. GUNTHER *et al.*, Defendants-Appellees.

Fifth District No. 5—95—0748

Opinion filed April 16, 1996.

John Womick, of Womick & Associates, Chartered, of Carbondale, for appellant.

Richard A. Green, Michael F. Dahlen, and Kara L. Jones, all of Feirich/Mager/Green/Ryan, of Carbondale, for appellees.

JUSTICE MAAG delivered the opinion of the court:

Plaintiff, Ila Mahan, is an Illinois resident who claims to have been injured as the result of a traffic accident in which a Keystone Lines employee, Albert Gunther, allegedly backed the vehicle he was operating into the plaintiff's vehicle. The plaintiff filed this action

against the defendants on March 6, 1995, in the circuit court of Williamson County, State of Illinois.

The defendants responded by filing a motion to stay proceedings. According to the defendants, Keystone Lines is insured by the American Inter-Fidelity Corporation (AIFC). AIFC is in rehabilitation in Indiana. The rehabilitation is being administered by the Indiana Department of Insurance through the Marion Circuit Court, State of Indiana, in cause number 49C019403-CP0959. As a part of the rehabilitation, the Indiana court entered an injunction order prohibiting and enjoining:

> "(c) The commencement and prosecution of any suit, action or other proceeding against or involving the Exchanges and AIFC or the Rehabilitator, by way of original claim *** (or by way of claim against an insured of the Exchanges as to which the Exchanges or AIFC may be obligated to defend or pay a judgment), which seeks any one or more of the following types of relief against the Exchanges and AIFC or the Rehabilitator *** (1) money damages; (2) punitive damages; *** or (8) declaratory relief regarding liability based upon any of the foregoing[.]"

The defendants successfully argued to the Illinois trial court that the Indiana antisuit injunction prohibited the Illinois court from proceeding with the plaintiff's lawsuit against the defendants because the defendants are insureds of AIFC.

On September 29, 1995, the Williamson County circuit court entered an order staying the plaintiff's lawsuit until the Indiana rehabilitation action is resolved. The plaintiff now appeals from this injunctive order pursuant to Supreme Court Rule 307(a). 134 Ill. 2d R. 307(a).

## I

The plaintiff raises a single issue on appeal. That issue is: "Did the trial court err in giving full faith and credit to the Indiana judgment and in staying plaintiff's action in reliance on that judgment?" The issue raised on appeal implicates several subissues that will be dealt with individually.

We begin by framing what we perceive to be the first issue before us. The plaintiff contends that she has had no contact with the State of Indiana, that she has never commenced or been joined in an action pending in Indiana, that she has never entered an appearance in Indiana, and that she has never been served a summons to appear in an Indiana action. Thus, the plaintiff argues that the Indiana court has no jurisdiction over her, and the Illinois court erred in giving full faith and credit to the Indiana injunction.

The defendants contend that the Indiana court has jurisdiction

over the plaintiff's action against an AIFC insured, pursuant to the Indiana Insurance Supervision Rehabilitation Liquidation Act (Indiana Act). Ind. Code Ann. § 27—9—1—1 *et seq.* (Burns 1994). According to the defendants, the regulation of insurance is a matter which public interest dictates be left to the determination of the states (see McCarran-Ferguson Act, 15 U.S.C.A. § 1011 *et seq.* (West 1976)), and the Indiana Act is a pervasive regulatory scheme for the rehabilitation of insurance companies. Therefore, the public interest, as regulated by the Indiana Act, provides sufficient contact with Indiana to support personal jurisdiction over any party who may deplete the assets of the insolvent insurer through any court action against it or its insureds.

The defendants then claim that according to sections 221.1 through 221.13 of the Illinois Insurance Code (Code) (215 ILCS 5/221.1 *et seq.* (West 1994)), Illinois courts must recognize and give deference to insurance rehabilitation proceedings initiated in a "reciprocal state." Defendants argue that Indiana is a reciprocal state as defined by the Code and, therefore, the trial court properly enforced the Indiana antisuit injunction.

The defendants make no claim that the plaintiff has any other contact with the state of Indiana or otherwise made herself subject to personal jurisdiction in the Indiana court. Furthermore, neither the plaintiff nor the defendants are named parties to the AIFC rehabilitation action now pending in Indiana. Simply put, then, the issue for our review is whether the Indiana insurance rehabilitation regulatory scheme gives rise to personal jurisdiction in Indiana over the plaintiff in this case who has no minimum contacts with Indiana. The answer ought to be self-evident.

■ Whether a state court has jurisdiction over a nonresident must be considered under the scrutiny of federal due process and in light of *International Shoe Co. v. Washington*, 326 U.S. 310, 90 L. Ed. 95, 66 S. Ct. 154 (1945). In *International Shoe*, the United States Supreme Court held that the exercise of jurisdiction must not offend the traditional notions of fair play and substantial justice. *International Shoe*, 326 U.S. at 316, 90 L. Ed. at 102, 66 S. Ct. at 158. In order to meet this burden, certain minimum contacts are required within the territory of the forum in order to obtain personal jurisdiction over a nonresident. *International Shoe*, 326 U.S. at 316, 90 L. Ed. at 102, 66 S. Ct. at 158. Subsequent decisions elaborate upon the minimal contacts necessary to obtain personal jurisdiction. See *McGee v. International Life Insurance Co.*, 355 U.S. 220, 2 L. Ed. 2d 223, 78 S. Ct. 199 (1957); *Travelers Health Association v. Virginia*, 339 U.S. 643, 94 L. Ed. 1154, 70 S. Ct. 927 (1950).

In this case, while not openly advocating a broad extension of a state's right to exercise personal jurisdiction over nonresidents, the defendants seek to carve a special exception into due process jurisprudence for state-regulated insurance rehabilitation proceedings. Admittedly, if we adopted the defendants' position, it would facilitate the duties of the Indiana Rehabilitator. The United States Constitution's due process clause, however, was not adopted to further the convenience of the states but was adopted to ensure that no state would attempt to enter a binding judgment against a party with whom the state has no contacts, relations, or ties.

In *Kulko v. Superior Court*, 436 U.S. 84, 56 L. Ed. 2d 132, 98 S. Ct. 1690 (1978), and *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 62 L. Ed. 2d 490, 100 S. Ct. 559 (1980), the Supreme Court deemphasized the interests of the forum state and the plaintiff in deciding whether the assertion of jurisdiction is consistent with due process and emphasized the requirement that the nonresident defendant must purposely avail herself of the state's benefits and protection. Turning away from the forum state and looking toward the nonresident defendant in order to test for minimum contacts, the court in *World-Wide Volkswagen* held:

> "Even if the defendant would suffer minimal or no inconvenience from being forced to litigate before the tribunals of another State; even if the forum State has a strong interest in applying its law to the controversy; even if the forum State is the most convenient location for litigation, the Due Process Clause, acting as an instrument of interstate federalism, may sometimes act to divest the State of its power to render a valid judgment." *World-Wide Volkswagen*, 444 U.S. at 294, 62 L. Ed. 2d at 499-500, 100 S. Ct. at 565-66.

In this case, Mahan is neither a plaintiff nor a defendant before the Indiana court. She is not a party at all. Nevertheless, solely because an alleged tortfeasor that is blamed for her injury happens to be insured by an Indiana insurance company, we are engaged in the present appeal. Unbelievably, the Indiana trial court, the insurance company, the alleged tortfeasors (defendants), and the Illinois trial court think it is just fine to postpone Mahan's day in court indefinitely. Never mind that Mahan has no prior dealings with Indiana and no prior dealings with the insurance company. Never mind that if the defendants had no insurance at all her action would not be stayed. Never mind that even today judgments can still be collected from the personal assets of tortfeasors without affecting any insolvency proceeding in the slightest. But because the defendants bought insurance with an insolvent insurance company, Mahan is told she must wait. (Pray tell how long?)

The defendants maintain that Illinois courts have traditionally enforced orders which were issued to protect the interests of various insureds and creditors of an insolvent insurer. The defendants cite *Safety-Kleen Corp. v. Canadian Universal Insurance Co., Ltd.,* 258 Ill. App. 3d 298, 631 N.E.2d 475 (1994), *appeal denied,* 157 Ill. 2d 522, 642 N.E.2d 1303 (1994), as supportive authority for their position. In that case, Safety-Kleen, a Wisconsin company, filed a declaratory judgment action in Kane County, state of Illinois, against Canadian Universal (CU), a Canadian company doing business in Illinois, seeking a declaration of coverage for a claim settled by Safety-Kleen which CU refused to defend. Thereafter, CU was placed in receivership in Newfoundland, Canada, and the liquidator informed CU's local counsel that the Canadian "wind-up" order prohibited proceeding with or commencing any action against CU. The local counsel withdrew, and six months later, the Illinois court entered a default judgment against CU in favor of Safety-Kleen. On appeal, the court found that because Safety-Kleen was a CU insured, it should have filed its claim with the Canadian liquidator. It then held that under principles of judicial comity, the trial court should not have entered the default judgment.

*Safety-Kleen* is distinguishable from the instant case. In that case, *Safety-Kleen* was an insured of the insolvent insurance company. Under its "wind-up" act, the Canadian liquidation court had authority to take action affecting the insurance policies issued by the insolvent insurer to its insureds and thereby had authority to enjoin Safety-Kleen from proceeding with its declaratory judgment action by virtue of its contractual relationship to the insurance company. Under the *Safety-Kleen* rationale, the Indiana court might have the authority to take action affecting the defendants in this case because they are AIFC insureds. *Safety-Kleen* does not reach to the plaintiff in this case, however, because the plaintiff is not an AIFC insured. Furthermore, *Safety-Kleen* does not deal with a rehabilitation court's attempt to enter a personal judgment against a nonresident litigant in a completely separate action brought in another forum.

Because the question presented raises an issue of first impression in Illinois, we turn to our sister states for guidance. In *Wright v. Sullivan Payne Co.,* 839 S.W.2d 250 (Ky. 1992), the state of Kentucky placed Delta American Re Insurance Company, a Kentucky domiciled insurance corporation, into involuntary liquidation. Sullivan Payne Company, an Iowa corporation without offices, agents, or employees in Kentucky and without a license to do business in Kentucky, was in the business of acting as an intermediary broker between an insurer and a reinsurer. As of the date that Delta was placed in

liquidation, Sullivan Payne was holding $2,917,657.39 paid by an insurer relating to a reinsurance contract with Delta. Both the insurer and the Kentucky liquidator claimed the money.

A Kentucky court issued an order permanently enjoining and restraining Sullivan Payne from, among other things, "bringing or further prosecuting any action at law, suit in equity, special or other proceeding against said corporation [Delta] or its estate." *Wright*, 839 S.W.2d at 252. Sullivan Payne subsequently filed an interpleader action in a New York federal district court and tendered the disputed sum, asserting that all business between the parties was conducted in the state of New York. The Kentucky court then issued a temporary restraining order against Sullivan Payne and the New York court enjoining prosecution of the interpleader. The New York federal court placed the action in abeyance until the Kentucky court resolved the jurisdictional issue.

The Kentucky Supreme Court reviewed section 304.33—040 of the Kentucky Insurers Rehabilitation and Liquidation Act (Ky. Rev. Stat. Ann. § 304.33—040 (Baldwin 1994)) in light of the United States Constitution's due process clause (U.S. Const. amend. XIV) in order to determine whether the Kentucky liquidation act extends jurisdiction of the Kentucky courts to nonresident litigants having no minimum contacts with Kentucky. The court reviewed the minimum contact factors set forth in *McGee v. International Life Insurance Co.*, 355 U.S. 220, 2 L. Ed. 2d 223, 78 S. Ct. 199 (1957), and found that there was no basis for the public policy argument put forth by the Kentucky liquidator, and that Sullivan Payne had little, if any, business contacts with the state. *Wright*, 839 S.W.2d at 255. The court held that *in personam* jurisdiction under the Kentucky liquidation act was limited by the due process requirements of minimum contacts with the forum state and that the Kentucky liquidator must pursue litigation against nonresident defendants in those states having jurisdiction over them. *Wright*, 839 S.W.2d at 255.

■ We have reviewed the record in the case at bar and find that the record is devoid of any indication that the plaintiff has availed herself of any benefits or protection under Indiana law. She has apparently committed no tortious act in Indiana. Furthermore, there is no evidence or allegation that the plaintiff had any business contact, however minimal, with either the defendants or the insolvent insurer. The state of Indiana cannot and does not acquire personal jurisdiction over an Illinois resident without minimum contacts merely by being the center of gravity of a rehabilitation controversy or the most convenient location for litigation. Like the Kentucky Supreme Court, we too consider it a fallacy that a state liquidation/

rehabilitation statute, on its face, can impart personal jurisdiction without minimum contacts. See *Wright*, 839 S.W.2d at 255. Jurisdiction cannot be extended beyond due process limits. Stated in the simplest terms, the Indiana court had no personal jurisdiction over Mahan; it therefore could not order her to cease the prosecution of her case.

## II

█ We now turn to the defendant's argument that the Illinois court must give recognition and deference to insurance rehabilitation proceedings initiated in a "reciprocal state" pursuant to sections 221.1 through 221.13 of the Code, and that Indiana is a reciprocal state as defined by the Uniform Act.

By enacting sections 221.1 through 221.13 of the Code, the Illinois legislature joined 24 other states and two territories in adopting the Uniform Insurers Liquidation Act (13 U.L.A. 328-53 (1986)). Under the Code, delinquency proceedings in a reciprocal state against an insurer domiciling in such state may be given full faith and credit by Illinois courts. 215 ILCS 5/221.2 (West 1994). To bind the Illinois court to consider whether to give full faith and credit to an ancillary proceeding, the ancillary delinquency proceeding must be filed in a reciprocal state. Another state may become a reciprocal state by either adopting the Uniform Insurers Liquidation Act or by complying with the definition of a reciprocal state found in section 221.1 of the Code. Section 221.1(1) provides that a "reciprocal state" is a state wherein:

> "(a) it is provided by law that the insurance supervisory or other administrative agency of the state shall conduct or wind up the affairs of the delinquent companies under judicial supervision and shall be vested with title to all of the assets of any domestic company against which a delinquency proceeding has been commenced, and

> (b) in substance and effect the provisions of Sections 221.1 to 221.10, both inclusive are in force." 215 ILCS 5/221.1(1) (West 1994).

According to the table of adopting jurisdictions found at the beginning of article XIII¹/₂ of the Illinois Insurance Code published in the Smith-Hurd Annotated version of Illinois Compiled Statutes, Indiana is not a jurisdiction which has adopted the Uniform Insurers Liquidation Act. 215 ILCS 5/1 *et seq.* (Smith-Hurd Supp. 1996). The defendants argue that it is not necessary for Indiana to have adopted the Uniform Insurers Liquidation Act because its own statutes providing for the rehabilitation of a delinquent insurance company fall within the definition set forth in section 221.1(1) above. In sup-

port of their argument the defendants provided a copy of the Indiana Code and cross-referenced various sections of the Illinois Code to corresponding sections of the Indiana Code.

The Indiana court purported to exercise both subject-matter jurisdiction and personal jurisdiction over both the plaintiff and the defendants to the instant action. While the Indiana court was vested with subject-matter jurisdiction, it did not even attempt to obtain personal jurisdiction over the plaintiff or the defendants. We can absolutely say that due to the failure to even attempt to obtain personal jurisdiction, it acquired none. Therefore, to the degree that the Indiana court order claims to adjudicate the rights of the plaintiff and the defendants in this case as between themselves or claims power to order this action between the parties stayed, postponed, or abated or requests that the courts of Illinois abstain, either temporarily or permanently, from adjudicating this dispute, we find that the Indiana court's order is not just voidable, it is void from its very inception and a nullity to the extent that it attempts to act upon this case.

We, therefore, need not decide whether the Indiana statute is in substance the same as the Illinois statute. Indiana cannot order Mahan to do or not to do anything unless she first is subject to the jurisdiction of its courts (*Wright*, 839 S.W.2d 250), and then she must still be given *notice* and *an opportunity to be heard.* This notice and an opportunity to be heard must be given *before* enjoining her.

## III

■ Even if the Indiana court had personal jurisdiction over the parties in this case, there is no *constitutional* compulsion on Illinois courts to give full faith and credit or extend comity to foreign antisuit injunctions. *James v. Grand Trunk Western R.R. Co.*, 14 Ill. 2d 356, 363-64, 152 N.E.2d 858, 862 (1958), *cert. denied*, 358 U.S. 915, 3 L. Ed. 2d 239, 79 S. Ct. 288 (1958). In *Kleinschmidt v. Kleinschmidt*, 343 Ill. App. 539, 99 N.E.2d 623 (1951), the court reasoned that since a foreign antisuit injunction acts upon the parties rather than the court, the forum has the power to proceed with the case notwithstanding the sister state injunction. Thus, in those instances where deference has been extended to a sister state's antisuit injunction, it has been based on comity rather than on the constitutional command of full faith and credit. See, *e.g., Lowe v. Norfolk & Western Ry. Co.*, 96 Ill. App. 3d 637, 421 N.E.2d 971 (1981). While a court of equity has the power to restrain persons within its jurisdiction from instituting or proceeding with foreign actions, the exercise of such power is a matter of great delicacy and is to be invoked with great restraint in

order to avoid distressing conflicts and reciprocal interference with jurisdiction. *James*, 14 Ill. 2d at 368, 152 N.E.2d at 862; see also *New York, Chicago & St. Louis R.R. Co. v. Perdiue*, 97 Ind. App. 517, 187 N.E. 349 (1933). The key is that the persons enjoined must be subject to the jurisdiction of the court entering the injunction.

Our supreme court said it best:

> "[T]his court need not, and will not, countenance having its right to try cases, of which it has proper jurisdiction, determined by the courts of other States, through their injunctive process. We are not only free to disregard such out-of-State injunctions, and to adjudicate the merits of the pending action, but we can protect our jurisdiction from such usurpation by the issuance of a counterinjunction restraining the enforcement of the out-of-State injunction." *James*, 14 Ill. 2d at 372, 152 N.E.2d at 867.

For the foregoing reasons, the order of the circuit court of Williamson County staying proceedings is vacated, and the cause is remanded for further proceedings consistent with this decision.

Order vacated and cause remanded.

RARICK and CHAPMAN, JJ., concur.