RENDERED:  JANUARY 6, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-0392-MR

BRYAN FAIR AND TERESA FAIR                    APPELLANTS

v.             APPEAL FROM FAYETTE CIRCUIT COURT
HONORABLE THOMAS L. TRAVIS, JUDGE
ACTION NO. 17-CI-01714

SAINT JOSEPH HEALTH SYSTEM,
INC.; KENTUCKY CARDIOLOGY,
PLLC; AND MUBASHIR QAZI, M.D.                  APPELLEES

<u>OPINION</u>
<u>AFFIRMING</u>

** ** ** ** **

BEFORE:  JONES, LAMBERT, AND K. THOMPSON,[1] JUDGES.

THOMPSON, K., JUDGE:  Bryan and Teresa Fair appeal an order of the Fayette

Circuit Court dismissing Bryan's medical malpractice claim and Teresa's loss of

consortium claim against Saint Joseph Health System, Inc. (SJHS).  We affirm

---

[1] Judge Kelly Thompson authored this Opinion before his tenure with the Kentucky Court of Appeals expired on December 31, 2022.  Release of this Opinion was delayed by administrative handling.

because the Fairs cannot establish that the treating physician who allegedly committed medical malpractice against Bryan was either employed by, or was an apparent or ostensible agent of, SJHS. Therefore, the Fairs cannot properly pursue their negligence and vicarious liability claims against SJHS on such a basis and, because there is no valid underlying cause of action against SJHS, any spoilation of its records does not provide a basis for retaining SJHS as a party.

On October 18, 2016, Bryan underwent a cardiac catheterization. The procedure was performed by Mubashir Qazi, M.D., at St. Joseph East Hospital, which is part of SJHS. Bryan's aortic valve was dissected during the procedure. After spending several hours in the intensive care unit, Bryan was transported to another hospital within the SJHS network where he underwent an operation to repair the dissection.

The Fairs filed a medical negligence complaint in the Fayette Circuit Court in May 2017. In addition to claims against Dr. Qazi and his employer, Kentucky Cardiology, PLLC, the Fairs also claimed direct negligence and vicarious liability against SJHS. Discovery ensued. The Fairs disclosed Brian C. Swirsky, M.D. as their medical expert.

As discovery was underway, the Fairs motioned the circuit court to compel SJHS to turn over metadata (*i.e.*, data about other data) related to Bryan's chart access log provided to the Fairs in discovery. The Fairs argued they received

an incomplete audit trail from SJHS.  SJHS maintained that it provided all the data in its possession and asserted the Fairs were on a "fishing expedition."  Eventually, the circuit court allowed the Fairs to depose three of SJHS's corporate representatives regarding its medical record retention policies.  Underlying the prolonged motion practice related to the audit trail was the Fairs' contention that Dr. Qazi entered Bryan's chart on November 1, 2016, after he had been informed Bryan was seeing another cardiologist.  The Fairs insisted Dr. Qazi potentially made changes to Bryan's chart.  November 1, 2016, is also the date counsel for the Fairs sent a letter of representation to SJHS.  After deposing SJHS's corporate representatives, the Fairs disclosed Andrew Garrett, an expert witness related to computer forensics and e-discovery, to support what they continued to assert was a lack of metadata from SJHS regarding Bryan's chart.  Garrett did not provide any medical opinions in his deposition.  SJHS motioned the circuit court for summary judgment after deposing Garrett.  After briefing and oral arguments, the circuit court granted the motion.  The Fairs filed a motion to alter, amend, or vacate which the circuit court denied.[2]  This appeal followed.

When a circuit court grants a motion for summary judgment, the standard of review for the appellate court is *de novo* because only legal issues are involved.  *Hallahan v. The Courier Journal*, 138 S.W.3d 699, 705 (Ky.App. 2004).

---

[2] The Fairs' claims against Dr. Qazi and Kentucky Cardiology remain ongoing.

We must consider the evidence of record in the light most favorable to the non-movant and determine whether the circuit court correctly found there was no genuine issues as to any material fact and that the moving party was entitled to judgment as a matter of law. *Scifres v. Kraft*, 916 S.W.2d 779, 780 (Ky.App. 1996).

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, stipulations, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Kentucky Rules of Civil Procedure (CR) 56.03. The movant bears the initial burden of demonstrating that there is no genuine issue of material fact in dispute. The party opposing the motion then has the burden to present, "at least some affirmative evidence showing that there is a genuine issue of material fact for trial." *Steelvest, Inc. v. Scansteel Service Center, Inc.*, 807 S.W.2d 476, 482 (Ky. 1991). A party responding to a properly supported summary judgment motion cannot merely rest on the allegations in his pleadings. *Continental Casualty Co. v. Belknap Hardware & Manufacturing Co.*, 281 S.W.2d 914 (Ky. 1955).

On appeal, the Fairs argue the circuit court erred in finding, as a matter of law, that SJHS is not vicariously liable for the actions of Dr. Qazi and

that they presented expert proof sufficient to overcome summary judgment. We disagree.

In their brief to this Court, the Fairs rely on the principle of ostensible agency to assert that SJHS is vicariously liable for the actions of Dr. Qazi. The Fairs argue that SJHS did not provide adequate notice to Bryan to alert him that Dr. Qazi was in fact an independent contractor through the SJHS hospital admission form for Bryan's procedure.[3]

"An apparent or ostensible agent is one whom the principal, either intentionally or by want of ordinary care, induces third persons to believe to be his agent, although he has not, either expressly or by implication, conferred authority upon him." *Paintsville Hosp. Co. v. Rose*, 683 S.W.2d 255, 257 (Ky. 1985) (internal quotations and citation omitted). Importantly, "[t]he burden of proving agency is on the party alleging its existence." *Wright v. Sullivan Payne Co.*, 839 S.W.2d 250, 253 (Ky. 1992).

As further explained in *Paintsville Hospital Company*, the cases apply the principle of ostensible agency to non-employee physicians "whom share the common characteristic of being supplied through the hospital rather than being selected by the patient." 683 S.W.2d at 257. In these sorts of cases, "[a] general

---

[3] While the Fairs makes some arguments about the legibility and content of this form, as they ultimately discuss the efficacy of its contents to immunize SJHS, we do as well.

representation to the public is implied from the circumstances." *Id.* at 256.

Typically, this has resulted from treatment by emergency room physicians. *See id.* at 257 (listing cases). However, other staff supplied by a hospital just before treatment may also be considered ostensible agents of the hospital. *See Williams v. St. Claire Medical Center*, 657 S.W.2d 590 (Ky.App. 1983) (involving nurse anesthetist who interviewed patient in his hospital room prior to the surgery with this being was first time the patient was introduced to her).

The problem with the Fairs' argument, is that under the circumstances, it was not SJHS's responsibility to alert them to the fact that Dr. Qazi was not SJHS's employee, because they have failed to identify any evidence which would have allowed the Fairs to reasonably believe him to be SJHS's employee based on the circumstances.

According to Dr. Qazi's undisputed deposition testimony, Bryan was a patient of Dr. Qazi and was seen by Dr. Qazi at Kentucky Cardiology in the months leading up to the cardiac catherization procedure, having been referred to him by another cardiologist. Dr. Qazi also testified that procedure, which is the subject of this malpractice action, was also scheduled through Dr. Qazi's office at Kentucky Cardiology. So, while the procedure was to be performed at SJHS, the hospital did not supply Dr. Qazi to Bryan, rather Bryan had already selected Dr.

Qazi and Dr. Qazi and Bryan had an ongoing established doctor-patient relationship.

The only evidence the Fairs point to on appeal as to suggesting that SJHS held out Dr. Qazi as its employee is the SJHS hospital admission form for Bryan's procedure. The first paragraph of the general consent form states in relevant part that the admitting and treating physician "may or may not be employed by [SJHS]." Paragraph 7 reads:

> **INDEPENDENT STATUS OF PHYSICIANS**: I recognize that not all Physicians and healthcare providers including, but not limited to, Certified Registered Nurse Anesthetists, Radiologists, Emergency Room Physicians, Anesthesiologists, Physical, Occupational and Speech Therapists, residents or medical students (under the supervision of Physicians and/or residents) who provide Services to me during this admission are employees or agents of the Hospital. Such individuals are INDEPENDENT CONTRACTORS who are granted privileges to use the Hospital for private Patients and bill separately for their Services. In addition, I understand that the Hospital is not responsible for nor does it assume any liability for the acts or omissions of any such independent contractors.

(Emphasis in original.) This form neither affirms nor refutes that physicians and staff treating Bryan are hospital employees and makes no representation specific to Dr. Qazi's status. We conclude that although this form did not specifically deny that all physicians were SJHS employees, it was still sufficient to reasonably notify Bryan that Dr. Qazi should not be assumed to be an employee of SJHS. *See Sneed*

*v. University of Louisville Hospital*, 600 S.W.3d 221, 233 (Ky. 2020) (interpreting forms which specifically stated that physicians are independent contractors).

Furthermore, the Fairs have failed to provide any evidence to establish that SJHS had any intent to deceive Bryan into believing that Dr. Qazi was its employee or held out Dr. Qazi as his employee. *See id.* While the Fairs assert that Dr. Qazi is Chief of Cardiology at St. Joseph East Hospital, they do not claim Bryan knew or relied on that status (which was in fact not linked to Dr. Qazi being employed by either St. Joseph East Hospital or SJHS, but to him having privileges there) in determining to be treated by him. Furthermore, the Fairs have not intimated that SJHS held Dr. Qazi out as having such a status. Given the undisputed facts of this case, as a matter of law the Fairs have failed to satisfy their burden to prove there was any basis to conclude that Dr. Qazi was SJHS's ostensible agent, thus allowing liability to flow to SJHS.

Finally, the Fairs maintain their contention that SJHS failed to produce a complete audit trail of Bryan's records. We note that although the Fairs argue that SJHS had a duty under federal law to maintain Bryan's records in an accurate form, the Fairs did not ask to amend their complaint to add a cause of action against SJHS regarding its breach of such a duty and, thus, this issue must be analyzed in how it relates to the existing medical malpractice issue. Although Garrett's deposition testimony was at odds with the three administrative

-8-

representatives from SJHS regarding records retention, we agree with the circuit court that spoliation, *if* it occurred, can appropriately be addressed through our evidentiary rules and missing evidence instructions. *Monsanto Co. v. Reed*, 950 S.W.2d 811, 815 (Ky. 1997).

As explained previously, SJHS cannot be liable based on medical malpractice by Dr. Qazi. An allegation regarding spoliation cannot function to save the Fairs' negligence and vicarious liability claims against SJHS which would have to be grounded in an underlying medical malpractice of its employees. However, SJHS cannot be liable Dr. Qazi's actions as detailed *supra* and as a matter of law there is no evidence that its own employees who were involved in Bryan's care committed medical malpractice. The Fairs' medical expert, Dr. Swirsky, testified at his deposition that he had no criticisms of any SJHS employee that cared for Bryan and he did not attribute any delay in treatment or any potentially wrong treatment to any SJHS employee.

Accordingly, we affirm because the Fayette Circuit Court properly granted summary judgment in favor of SJHS and dismissed it as a party.

ALL CONCUR.

BRIEFS FOR APPELLANTS:

Justin S. Peterson
Laraclay Parker
Alexandra DeMoss-Campbell
Lexington, Kentucky

BRIEF FOR APPELLEE SAINT
JOSEPH HEALTH SYSTEM, INC.:

Terri E. Boroughs
Megan L. Adkins
Louisville, Kentucky